

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-13-00347-CR

___

JUAN LUIS VALENZUELA JIMENEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 31st District Court
Hemphill County, Texas
Trial Court No. 2902, Honorable Steven Ray Emmert, Presiding

___

## July 17, 2014

## MEMORANDUM OPINION

### Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant was indicted and convicted of fraudulent use or possession of identifying information and sentenced to confinement for one year in a State Jail Facility (SJF) and a fine of $5,000.[1] Appellant appeals his conviction, contending that the trial court committed reversible error when it admitted appellant's statement in evidence. We will affirm.

___

[1] *See* TEX. PENAL CODE ANN. § 32.51(b)(1), (c) (West Supp. 2013).

## Factual and Procedural Background

Appellant obtained employment at King Well Service in Canadian, Texas, under the name of Victor Maitland. Later, the Texas Workforce Commission contacted the true Victor Maitland to advise him that their records indicated that, while he was drawing unemployment compensation, he was actually employed by King Well Service. After Maitland contacted King Well Service and verified that it had an employee by the name of Victor Maitland, Maitland called the Hemphill County Sheriff's Department to advise that he thought he was a victim of identification theft.

After receiving Maitland's phone call, Deputy Jerri-Lynn Ortega contacted King Well Service and was provided copies of a social security card and permanent resident card that appellant had given King Well Service when he was hired. The name on the card was Victor Maitland. Jerri-Lynn Ortega was informed that appellant was not entirely fluent in English. Based upon this information, prior to going to appellant's home to question him, Jerri-Lynn Ortega sought the assistance of Deputy Oscar Ortega, who is a Spanish speaker.

Upon arriving at appellant's residence, Jerri-Lynn Ortega ask to see appellant's identification and was shown a driver's license issued by the State of Chihuahua, Mexico, that identified appellant as Juan Luis Valenzuela Jimenez. Appellant told the deputies that he was not employed. Jerri-Lynn Ortega then attempted to show appellant the social security card and permanent resident card obtained from King Well Service and ask him about his employment at King Well Service; however, appellant appeared not to understand the question. When asked about employment in Spanish

by Oscar Ortega, appellant admitted that he was employed by King Well Service and showed them the original of the social security card and permanent resident card under the name of Victor Maitland. Further, appellant admitted to purchasing the identification documents at issue for $1,000 in Amarillo.

Per the deputies' request, appellant then accompanied the two deputies back to the sheriff's office to provide a statement. It was while at the sheriff's office that the statement, which is the subject of appellant's issue, was obtained. Appellant was indicted for the subject offense and, prior to trial, appellant filed a motion in limine as to "Evidence of Defendant's Statement." Even though the pending motion was styled as a motion in limine, the record is clear that the attorneys for each of the parties and the trial judge treated the motion as a motion to suppress the statement. The trial court conducted a hearing on the motion and denied the motion. Thereafter, the case went to trial and resulted in the conviction and sentence that appellant now appeals.

Standard of Review

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion but review the trial court's application of the law to the facts *de novo*. *Id.* In reviewing the trial court's decision, we do not engage in our own factual review; rather, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of

3

historical fact, especially when based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *See Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). Appellate courts review *de novo* "mixed questions of law and fact" that do not depend upon credibility and demeanor. *Id.* If the trial court's decision is correct under any theory of law applicable to the case, it will be sustained. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (en banc). Additionally, the legal question whether the totality of circumstances justified the officer's actions is reviewed *de novo*. *Hudson v. State*, 247 S.W.3d 780, 784 (Tex. App.—Amarillo 2008, no pet.).

Analysis

In a single issue, appellant contends that the trial court erred in admitting appellant's written statement into evidence. However, before we may take up the direct question of that statement's admissibility, we must address the State's question of whether this issue has been properly preserved for appeal.

It is a settled principle of Texas jurisprudence that, to be allowed to complain on appeal about the action of a trial court in admitting evidence, there must be a timely request, complaint, or motion that advises the trial court what action you wish it to take. *See* TEX. R. APP. P. 33.1(a)(1). Additionally, it is also well settled that a motion in limine does not preserve for appeal the erroneous admission of evidence. *See Roberts v. State,* 220 S.W.3d 521, 533 (Tex. Crim. App. 2007); *Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).

4

The motion filed by appellant is styled a motion in limine. However, a review of the record reveals that all parties and the trial court conducted the pre-trial hearing as a hearing on a motion to suppress appellant's statement. Specifically, at the beginning of the hearing, we see an exchange between the trial court and the State's attorney wherein the State's attorney agreed that the court would treat appellant's motion as a motion to suppress. Accordingly, the State proceeded to produce evidence to show that the statement should not be suppressed. From this record, it is clear that the document styled as a motion in limine was treated as a motion to suppress. We will analyze the case accordingly. *See Thomas v. State,* 408 S.W.3d 877, 885–86 (Tex. Crim. App. 2013) (holding that the nature of a "no objection" statement is contextually dependent). The State's contention is overruled.

Analysis

Appellant's complaint is centered on the proposition that, during the taking of his written statement, he was in custody. This then leads to appellant's conclusion that his Fifth Amendment privilege against self-incrimination was violated. *See* U.S. CONST. amend. V. However, the issue regarding whether the procedure followed by law enforcement was proper in this case cannot be determined by simply alleging that appellant did not understand the statement he gave because of language difficulties. Rather, we must first address the issue of whether appellant was in custody. *See Herrera v. State,* 241 S.W.3d 520, 525–26 (Tex. Crim. App. 2007).

Custodial interrogation has been defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived

5

of his freedom of action in any significant way." *See id.* at 525 (quoting *Miranda v. Arizona,* 384 U.S. 384, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)). We apply a reasonable person standard to a determination of whether a person is in custody; that is to say, would a reasonable person believe that his freedom of movement was restrained to the degree associated with a formal arrest? *See id.* (citing *Dowthitt v. State,* 931 S.W.2d 244, 254 (Tex. Crim. App. 1996)). This custody inquiry includes an examination of all objective circumstances surrounding the questioning. *See id.* (citing *Stansbury v. California*, 511 U.S. 318, 322, 114 S. Ct. 1526, 128 L. Ed. 2d 293 (1994)).

When reviewing a trial court's custody determination, we are reviewing a mixed question of law and fact. *Id.* at 526. We afford almost total deference to a court's custody determination that is dependent upon the historical facts that turn on the issues of credibility and demeanor. *Id.* at 526-27.

The facts, as demonstrated in the record, are as follows:

1) Appellant was initially questioned at his home after he was read his statutory warnings.

2) Appellant was never handcuffed nor otherwise told he was under arrest at his home.

3) The deputies testified that they asked appellant if he would voluntarily go with them to the Sheriff's office and give a formal statement.

4) Appellant was not handcuffed or otherwise restrained on the drive to the Sheriff's office. Appellant was seated in the front seat of the Sheriff's car next to one of the deputies.

5) At the Sheriff's office, appellant again had his statutory warnings given to him.

6) Appellant was never handcuffed or otherwise restrained during the taking of his written statement.

6

7) At the conclusion of giving his written statement, appellant was not arrested or further detained; instead, he was taken home.

The trial court was not requested to file findings of fact and conclusions of law, and, accordingly, there are none in the record. We are directed to assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Id.* at 527 (citing *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (en banc)).

Based upon our review of the record, we find that when the reasonable person standard is applied to the facts of appellant's case, appellant was not in custody at the time he gave his written statement. *See id.* at 525 (citing *Dowthitt,* 931 S.W.2d at 254.) Inasmuch as appellant was not in custody at the time his statement was taken, the trial court did not err in denying appellant's motion and admitting the statement into evidence before the jury. Appellant's issue to the contrary is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.