# NO. 12-13-00192-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOAQUIN SOSA SALAZAR,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joaquin Sosa Salazar appeals his conviction for felony driving while intoxicated, for which he was sentenced to imprisonment for ten years. In one issue, Appellant argues that the trial court erred in denying his motion to suppress. We affirm.

## BACKGROUND

On August 4, 2012, Appellant drove his car through a fence and into a pasture. Appellant subsequently was arrested for driving while intoxicated (DWI). Appellant refused to submit to a breath test to determine the presence of alcohol, and officers determined that he had at least two prior DWI convictions. Accordingly, Appellant was compelled to submit to a warrantless blood draw pursuant to the implied consent provisions of Texas Transportation Code, section 724.

Appellant was charged by indictment with felony DWI. The indictment further alleged that Appellant had two prior DWI convictions. Prior to the commencement of the trial on the merits, Appellant moved to suppress the results of the mandatory blood draw pursuant to the United States Supreme Court's holding in ***Missouri v. McNeely***, 133 S. Ct 1552, 185 L. Ed. 2d 696 (2013).[1] The trial court took Appellant's motion under advisement.

---

[1] In ***McNeely***, the Court held that the natural metabolization of alcohol in the bloodstream does not present a *per se* exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk driving cases. *See id.*, 133 S. Ct. at 1563, 1568. Instead, consistent with general Fourth

The matter proceeded to a jury trial, at which Appellant pleaded "not guilty" to the charges and pleaded "true" to the enhancement allegations in the indictment. Later during the proceedings, Appellant reurged his motion to suppress. The trial court overruled Appellant's motion. Ultimately, the jury found Appellant "guilty" as charged and, following a trial on punishment, assessed his punishment at imprisonment for ten years. The trial court sentenced Appellant accordingly, and this appeal followed.

## MOTION TO SUPPRESS

In his sole issue, Appellant argues that the trial court erred in overruling his motion to suppress in light of the Supreme Court's decision in *McNeely*.

### Standard of Review and Governing Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or to disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, a trial court has no discretion in determining what the law is or applying the law to the facts. *State v. Kurtz*, 152 S.W .3d 72, 81 (Tex. Crim. App. 2004). Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

When, as here, the trial court fails to file findings of fact in support of its ruling at a suppression hearing, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as

---

Amendment principles, exigency in this context must be determined case by case based on the totality of the circumstances. *See id.*, 133 S. Ct. at 1563.

those findings are supported by the record. ***Ross***, 32 S.W.3d at 855; *see **State v. Castleberry***, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). Therefore, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." ***Castleberry***, 332 S.W.3d at 465. Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold its ruling on a motion to suppress if that ruling is supported by the record and is correct under any theory of law applicable to the case. ***Ross***, 32 S.W.3d at 856; ***Carmouche***, 10 S.W.3d at 327; ***State v. Ballard***, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); ***Maysonet v. State***, 91 S.W.3d 365, 369 (Tex. App.–Texarkana 2002, pet. ref'd).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. CONST. amend. IV. The Supreme Court has held that a warrantless search of the person is reasonable only if it falls within a recognized exception. *See, e.g.*, ***McNeely***, 133 S. Ct. at 1558. Exigent circumstances is one such well-recognized exception. *See **id**.*

Texas Transportation Code, section 724, states, in pertinent part, as follows:

> If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place . . . while intoxicated, the person is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration . . . .

TEX. TRANSP. CODE ANN. § 724.011(a) (West 2011). This implied consent provision applies to a person who, at the time of his arrest, is believed by the arresting officer, based on reliable information from a credible source, to have been previously convicted of or placed on community supervision for DWI on two or more occasions. *See **id**.* § 724.012(3) (West 2011).

**Warrantless Blood Draw Pursuant to Texas Transportation Code, Section 724**

We recently addressed an issue similar to Appellant's sole issue in ***Gentry v. State***.[2] There, we considered the analyses of several of our sister courts of appeals and likewise held that (1) the implied consent and mandatory blood draw statutory schemes found in the transportation

---

[2] *See generally **Gentry v. State***, No. 12-13-00168-CR (Tex. App.–Tyler Aug. 27, 2014, no pet. h.) (mem. op., not designated for publication), *available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersion ID=6ba12608-6bdc-4c61-98d7-85d3b967b4a2&coa=coa12&DT=Opinion&MediaID=1af76c06-9313-4c5f-ba4f-4d55b75ad4b4.

code are not exceptions to the warrant requirement under the Fourth Amendment and (2) to be authorized, the state's warrantless blood draw must be based on a well-recognized exception to the Fourth Amendment. *See id.*, slip op. at 5–6 (citing *Aviles v. State*, No. 04-11-00877-CR, 2014 WL 3843756, at *2–3 (Tex. App.–San Antonio Aug. 6, 2014, pet. filed) (op., not designated for publication); *State v. Ballard*, No. 11-13-00224-CR, 2014 WL 3865815, at *3 (Tex. App.–Eastland July 31, 2014, no pet. h.) (mem op., not designated for publication); *Weems v. State*, No. 04-13-00366-CR, 2014 WL 2532299, at *8 (Tex. App.–San Antonio May 14, 2014, pet. filed) (op., not designated for publication); *Sutherland v. State*, No. 07-12-00289-CR, 2014 WL 1370118, at *1–2 (Tex. App.–Amarillo Apr. 7, 2014, pet. filed) (op., not designated for publication); *State v. Villarreal*, No. 13–13–00253–CR, 2014 WL 1257150, at *11 (Tex. App.–Corpus Christi Jan. 23, 2014, pet. granted) (op., not designated for publication); *see also Aviles v. Texas*, 134 S. Ct. 902, 187 L. Ed. 2d 767 (2014).

In the instant case, the State relied solely on Section 724 and offered no evidence of any other recognized exception to the Fourth Amendment that would have permitted it to have Appellant's blood drawn without a warrant. Accordingly, we hold that the trial court abused its discretion in denying Appellant's motion to suppress.[3] *See Gentry*, slip op. at 5-6.

**Harm Analysis**

Having concluded that the trial court abused its discretion, we must now consider whether Appellant was harmed as the result of this error. The admission of evidence obtained in violation of the Fourth Amendment is subject to constitutional harm analysis pursuant to Texas Rule of Appellate Procedure 44.2(a). *See Hernandez v. State*, 60 S.W.3d 106, 106 (Tex. Crim. App. 2001). If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, we must reverse the judgment of conviction or punishment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* TEX. R. APP. P. 44.2(a). The harmless error inquiry under Rule 44.2(a) should adhere strictly to the question of whether the error committed in a particular case contributed to the verdict obtained in that case. *Snowden v. State*, 353 S.W.3d 817, 821 (Tex. Crim. App. 2011).

---

[3] The State raises other arguments in response to Appellant's sole issue. However, because these arguments are unnecessary to our resolution of the issue, we do not address them. *See* TEX. R. APP. P. 47.1

During the trial on the merits, the State called DPS Forensic Scientist Eloisa Perez Esparza to testify concerning her analysis of Appellant's blood. During Esparza's testimony, the State sought to admit into evidence the blood sample taken from Appellant as well as Esparza's written report. In response to each of the State's proffers, Appellant stated he had "no objection."

Improper admission of evidence over objection is rendered harmless by the admission into evidence of the same facts without objection at another point during the course of trial. *See Leday v. State*, 983 S.W.2d 713, 729 (Tex. Crim. App. 1998). Moreover, an adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial. *See Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013). But he must also take care not to affirmatively indicate that he has "no objection" to the evidence that he challenged in his pretrial motion to suppress when it is later offered at trial. *Id*. It has long been held that such an affirmative statement constitutes a "waiver" of the right to raise on appeal the error that was previously preserved. *See id*. at 881–82.

The court of criminal appeals has acknowledged some flexibility in our construing this rule. As the court stated in *Thomas*,

> as with error preservation in general, the rule that a later statement of "no objection" will forfeit earlier-preserved error is context-dependent. By that we mean that an appellate court should not focus exclusively on the statement itself, in isolation, but should consider it in the context of the entirety of the record. If the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his "no objection" statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal, then the appellate court should not regard the claim as "waived," but should resolve it on the merits. On the other hand, if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the "no objection" statement to be a waiver of the earlier-preserved error. Under the latter circumstances, the affirmative "no objection" statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood.

*Thomas*, 408 S.W.3d at 885–86.

In the instant case, the record as a whole does not plainly demonstrate that Appellant did not intend, or that the trial court did not construe, his "no objection" statement to constitute an abandonment of his motion to suppress. To the contrary, we cannot determine based on our review of the stark record before us whether an abandonment was intended or understood; and

5

we are reluctant to speculate in that regard. Accordingly, we hold that by his affirmative statements that he had "no objection" to the admission of the blood sample or Esparza's report, Appellant waived his objection to the blood draw evidence raised in his motion to suppress. We further hold that any harm resulting from the trial court's refusal to suppress the evidence pertaining to the results from the warrantless blood draw was cured by the admission of Esparza's report, in which she sets forth the results of Appellant's blood test.

Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

### SAM GRIFFITH
Justice

Opinion delivered August 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2014**

**NO. 12-13-00192-CR**

**JOAQUIN SOSA SALAZAR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1311-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*