

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00230-CR

DANIEL IVAN RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B3515-1312, Honorable Edward Lee Self, Presiding

November 25, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Daniel Ivan Rodriguez was convicted after a jury trial of possession of a controlled substance (methamphetamine) in an amount of four grams or more but less than 200 grams. A jury assessed his punishment at five years confinement and a fine of $5,000. We abate and remand for the appointment of new counsel.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, he has filed a copy of a

---

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se*. He has represented to the court that he has furnished a copy of the record to appellant. By letter, this court also notified appellant of his right to file his own brief or response by November 17, 2014, if he wished to do so. To date, no response has been received.

In attempted compliance with the principles enunciated in *Anders*, appellate counsel discussed various phases of the trial including 1) the indictment, 2) the motion to suppress, 3) voir dire, 4) jury instructions, 5) sufficiency of the evidence, 6) objections during trial, 7) the punishment phase, 8) the sentence assessed, and 9) the effective assistance of counsel. Counsel also attempted to illustrate why none presented an issue of arguable merit. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. 2009).

Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our investigation revealed an arguable issue pertaining to the entry of the officer into appellant's motel room without a warrant or permission of the occupant, the subsequent search of the room once appellant was physically detained, and the legitimacy of the purported consent given to the officer to conduct a search (i.e., the attenuation, if any, between the officer's entry into and detention of appellant in the room and the consent to search purportedly granted to the officer).[2]

---

[2] Appellant's counsel represented that appellant waived any issue regarding the legitimacy of the detention and ensuing search by not objecting at trial. Because the complaint was previously raised via a motion to suppress heard before trial began, appellant need not have again objected at trial; that is, the motion to suppress coupled with an adverse ruling thereon preserved complaint regarding the search. TEX. R. EVID. 103(a)(1); *Thomas v. State*, 408 S.W.3d 877, 881-82 (Tex. Crim. App. 2013). That trial counsel may have uttered the phrase "no objection" when the State attempted to admit fruits of the search no longer results in the automatic waiver of any complaint raised via a motion to suppress. *See Thomas v. State, supra*. Appellant's counsel's suggestion to the contrary is mistaken.

2

Counsel having represented to this court that no arguable issue appears of record, his continuation as appellant's attorney would pose a conflict of interest. So, we grant the motion to withdraw. We also abate and remand the cause to the trial court and order it to appoint, on or before December 23, 2014, new counsel to represent appellant in this appeal. A copy of the order appointing new counsel shall be included in a supplemental clerk's record and filed with the clerk of this court on or before December 29, 2014. The newly appointed counsel will then file an appellant's brief 1) conforming to the Texas Rules of Appellate Procedure and 2) addressing the arguable issue mentioned above and any other issue deemed arguable. The deadline to file said appellant's brief is January 28, 2015, unless extended by the court.

It is so ordered.

Per Curiam

Do not publish.