FILED IN
COURT OF CRIMINAL APPEALS

March 3, 2015

ABEL ACOSTA, CLERK

PD-1274-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/3/2015 3:16:48 PM
Accepted 3/3/2015 3:25:07 PM
ABEL ACOSTA
CLERK

**PD-1274-14**

# IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF TEXAS

---

### BOBBY JOE PEYRONEL
*Appellant*

### v.

### THE STATE OF TEXAS
*Appellee*

---

On Petition for Discretionary Review from the First Court of Appeals
No. 01-13-00198-CR reversing the judgment in cause number 1254877
From the 174th Judicial District Court of Harris County, Texas

---

### APPELLANT'S BRIEF ON DISCRETIONARY REVIEW

---

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**FRANCES BOURLIOT**
Assistant Public Defender
Harris County, Texas
Texas Bar No. 24062419
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 437-4317
frances.bourliot@pdo.hctx.net

**Counsel for Appellant**

ORAL ARGUMENT NOT PERMITTED

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                    Bobby Joe Peyronel
                                              SPN # 02483175
                                              701 N. San Jacinto St. 6A1 01L
                                              Houston, Texas 77002


DEFENSE COUNSEL AT TRIAL:                     Mr. Richard Oliver
                                              1221 Studewood Street
                                              Houston, Texas 77008

                                              Mr. Alan Cohen
                                              2425 West Loop S., Suite 200
                                              Houston, Texas 77027

DEFENSE COUNSEL ON APPEAL:                    Frances Bourliot
                                              Assistant Public Defender
                                              Harris County, Texas
                                              1201 Franklin, 13th Floor
                                              Houston, Texas 77002

STATE COUNSEL AT TRIAL:                       Ms. Lisa Collins
                                              Assistant District Attorney
                                              Harris County, Texas
                                              1201 Franklin
                                              Houston, Texas 77002

STATE COUNSEL ON APPEAL:                      Eric Kugler
                                              Assistant District Attorney
                                              Harris County, Texas
                                              1201 Franklin, 6th Floor
                                              Houston, Texas 77002

PRESIDING JUDGE:                              Hon. Ruben Guerrero
                                              174th District Court
                                              Harris County, Texas
                                              1201 Franklin, 19th floor
                                              Houston, Texas 77002

# Table of Contents

IDENTITY OF PARTIES AND COUNSEL ................................................................... ii

TABLE OF CONTENTS ...................................................................................... iii

INDEX OF AUTHORITIES .................................................................................. iv

STATEMENT OF THE CASE ................................................................................. 1

ISSUE PRESENTED .......................................................................................... 2

    RESPONSE TO THE STATE'S ISSUE: THE COURT OF APPEALS CORRECTLY CONCLUDED THAT PEYRONEL'S OBJECTION TO THE EXCLUSION OF HIS SUPPORTERS FROM THE COURTROOM WAS SUFFICIENT TO PRESERVE ERROR.

STATEMENT OF FACTS ...................................................................................... 2

SUMMARY OF THE ARGUMENT ........................................................................... 3

ARGUMENT ................................................................................................... 4

    RESPONSE TO THE STATE'S ISSUE: THE COURT OF APPEALS CORRECTLY CONCLUDED THAT PEYRONEL'S OBJECTION TO THE EXCLUSION OF HIS SUPPORTERS FROM THE COURTROOM WAS SUFFICIENT TO PRESERVE ERROR.

    RELEVANT FACTS ..................................................................................... 4

    ERROR PRESERVATION IS NOT AN INFLEXIBLE, HYPER-TECHNICAL CONCEPT ................................................................. 4

PRAYER ...................................................................................................... 8

CERTIFICATE OF SERVICE .............................................................................. 9

CERTIFICATE OF COMPLIANCE ....................................................................... 9

# INDEX OF AUTHORITIES

## Cases

*Addy v. State*, 849 S.W.2d 425 (Tex. App.—Houston [1st Dist.] 1993, no pet.) ............ 6

*Clark v. State*, 365 S.W.3d 333 (Tex. Crim. App. 2012) ...................................................... 5

*Keeter v. State,* 175 S.W.3d 756 (Tex. Crim. App. 2005) ..................................................... 5

*Lankston v. State,* 827 S.W.2d 907 (Tex. Crim. App. 1992) ................................................. 5

*Pena v. State,* 285 S.W.3d 459 (Tex. Crim. App. 2009) ......................................................... 5

*Peyronel v. State*, 446 S.W.3d 151 (Tex. App.—Houston [1st Dist.] 2014, pet. granted
 Dec. 17, 2014) ................................................................................................... 1, 3, 5

*Resendez v. State,* 306 S.W.3d 308 (Tex. Crim. App. 2009) ................................................. 5

*State v. Rosseau,* 396 S.W.3d 550 (Tex. Crim. App. 2013) ................................................... 5

*Thomas v. State,* 408 S.W.3d 877 (Tex. Crim. App. 2013) ................................................... 5

*Waller v. Georgia,* 467 U.S. 39, 104 S. Ct. 2210, 81 L.Ed.2d 31 (1984) ......................... 3, 7

## Rules

Tex. R. App. P. 33.1(a)(1) ........................................................................................................ 5

## STATEMENT OF THE CASE

Bobby Peyronel was convicted of aggravated sexual assault of a child younger than 14 years of age on February 26, 2013 following a jury trial. (C.R. at 214). The trial court assessed his punishment at fifty (50) years confinement in the Texas Department of Criminal Justice – Institutional Division and a $10,000 fine. (R.R. at 246). Mr. Peyronel gave timely notice of appeal. (C.R. at 255).

In a unanimous published opinion[1] authored by Justice Huddle, the First Court of Appeals reversed and remanded the case for a new punishment hearing.[2] Specifically, the Court of Appeals held that Peyronel's objection was sufficient to preserve alleged error and that the courtroom was improperly closed in violation to his right to a public trial. This Court granted review on whether Peyronel's claim that his Constitutional right to a public trial was preserved for appeal.

---

[1] *Peyronel v. State*, 446 S.W.3d 151 (Tex. App.—Houston [1st Dist.] 2014, pet. granted Dec. 17, 2014).

[2] The Court of Appeals also modified the judgment to show that Mr. Peyronel was convicted of aggravated sexual assault of a child under 14, not of a child under 6, and affirmed the judgment as modified.

## ISSUE PRESENTED

**RESPONSE TO THE STATE'S ISSUE: THE COURT OF APPEALS CORRECTLY CONCLUDED THAT PEYRONEL'S OBJECTION TO THE EXCLUSION OF HIS SUPPORTERS FROM THE COURTROOM WAS SUFFICIENT TO PRESERVE ERROR.**

## STATEMENT OF FACTS

On October 27, 2009, Jane's[3] mother picked up her daughter from Marie Peyronel's in-home daycare. (4 R.R. at 63). Jane had attended daycare at Marie's house from the time she was about six-weeks-old. (6 R.R. at 65). On October 27, 2009, Marie Peyronel had a doctor's appointment and, as was her custom, notified the parents that either her adult daughter Amber or her husband Bobby Peyronel would be taking care of the children. (6 R.R. at 63-64). That day, Bobby Peyronel was home as he had just returned from his uncle's funeral. (6 R.R. at 69). Marie let Amber know that she was leaving for the doctor and Amber stated that she would be right over to pick Jane up. (6 R.R. at 74, 103). Amber lived next door to Marie and had a son, Evan, who often played with Jane. (6 R.R. at 97, 102). Just minutes after Marie's phone call, Amber walked next door and brought Jane back to her house. (6 R.R. at 103). Jane stayed at Amber's house until Marie picked her up after her doctor's appointment. (6 R.R. at 76).

As she was driving Jane home, Jane told her mother that Bobby had "licked the owie on her gina." (4 R.R. at 63). When they arrived at their house, Jane's mother

---

[3] This appellant will use the pseudonym "Jane" to protect the identity of the complaining witness in this case.

discovered that Jane had wet her pants and she then took off her clothes and piled them together to put in the laundry. (4 R.R. at 109).

After the jury's guilty verdict, the court was notified that a female who was present to support Bobby Peyronel had made a comment to the jury that they had just convicted an innocent man. (9 R.R. at 7). After this comment, the rule was invoked. (9 R.R. at 8). The State asked that all females who were present to support Mr. Peyronel be excluded from the courtroom. (9 R.R. at 9). The Defense objected to this exclusion as overbroad. (9 R.R. at 9). The Court ordered all of Mr. Peyronel's witnesses and gallery members to leave for the remainder of the proceedings. (9 R.R. at 9-10).

## SUMMARY OF THE ARGUMENT

The First Court of Appeals held that Peyronel's objection clearly put the trial court and opposing counsel on notice that he was complaining about the violation of his Constitutional right to a public trial. *Peyronel v. State*, 446 S.W.3d 151, 156 (Tex. App.—Houston [1st Dist.] 2014, pet. granted Dec. 17, 2014). The Court of Appeals, balancing the four factors in *Waller*, further held that the trial court improperly ordered a total closure of the courtroom. *Waller v. Georgia,* 467 U.S. 39, 104 S. Ct. 2210, 81 L.Ed.2d 31 (1984). *Peyronel*, 446 S.W.3d at 159.

**ARGUMENT**

**RESPONSE TO THE STATE'S ISSUE: THE COURT OF APPEALS CORRECTLY CONCLUDED THAT PEYRONEL'S OBJECTION TO THE EXCLUSION OF HIS SUPPORTERS FROM THE COURTROOM WAS SUFFICIENT TO PRESERVE ERROR.**

<u>Relevant Facts:</u>

After the jury found Mr. Peyronel guilty, the trial court was informed that someone approached one of the jury members and said "[h]ow does it feel to convict an innocent man?" (9 R.R. at 7). The trial court first stated that he would find out who had made the statement and hold her in contempt. (9 R.R. at 7). The trial court then invoked the Rule, excluding all punishment witnesses from the courtroom. (9 R.R. at 8). The State asked that all female members of Peyronel's family be excluded from the courtroom so none of the jurors felt intimidated. (9 R.R. at 8-9). Peyronel's counsel responded that the exclusion was overly broad and would "create the impression in the jury's mind that he has absolutely no support whatsoever here." (9 R.R. at 9). The trial judge then summarily excluded Peyronel's witnesses and gallery members, stating that "[n]obody will stay in the courtroom while we proceed with this matter." (9 R.R. at 9-10).

<u>Error preservation is not an inflexible, hyper-technical concept</u>

The Court of Appeals correctly concluded that Peyronel's objection to his supporters being excluded from the courtroom was preserved for appellate review. To preserve error for appeal, Peyronel was required to make a "timely request,

4

objection, or motion" to the trial court; however, error preservation "is not an inflexible concept" and does not require any "magic language." See Tex. R. App. P. 33.1(a)(1); *Thomas v. State,* 408 S.W.3d 877, 884 (Tex. Crim. App. 2013) (quoting *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)); *State v. Rosseau,* 396 S.W.3d 550, 555 (Tex. Crim. App. 2013). An accused is required to clearly indicate to the trial judge and to opposing counsel what he is complaining about. *Clark v. State,* 365 S.W.3d 333, 339 (Tex. Crim. App. 2012), quoting *Resendez v. State,* 306 S.W.3d 308, 315–16 (Tex. Crim. App. 2009). No "hyper-technical or formalistic use of words or phrases" is required to preserve error. *Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston,* 827 S.W.2d at 909).

In determining whether a complaint has been preserved for appeal, the ultimate consideration is whether the party has clearly made the trial court aware of what he wants and why he is entitled to it at a time when the trial court is in a position to do something about it. *Keeter v. State,* 175 S.W.3d 756, 760 (Tex. Crim. App. 2005). The Court of Appeals found that the trial court was alerted as to the specific ground that would be raised on appeal. *Peyronel*, 446 S.W.3d at 156, quoting *Thomas v. State,* 408 S.W.3d 877, 884 (Tex. Crim. App.2013), *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim. App.1992). Peyronel was clear that the exclusion of his supporters would create a negative impression in the jury's eyes—defense counsel stated that the exclusion would "create the impression in the jury's mind that he has absolutely no support whatsoever here." (9 R.R. at 9).

5

The State contends that Peyronel's objection did not alert the trial court to his specific complaint and was "couched in terms of visible family support for the appellant rather than the benefits of the public's observation of official proceedings." (State's Brief at 7-8). However, one of the fundamental reasons that an accused is entitled to a public trial is that excluding his supporters would have a "chilling effect on the defense and an adverse affect on the jury's perception of appellant's character." *Addy v. State*, 849 S.W.2d 425, 429 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

> The presence of an accused's friends in the courtroom lends moral support to the accused and helps insure honest proceedings. If an accused is denied the presence of his friends, he is denied a public trial, unless the trial court can articulate on the record some compelling reason for excluding them.

*Addy v. State*, 849 S.W.2d 425, 429 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

The judge and opposing counsel understood that Peyronel was complaining about the exclusion of his supporters from the punishment phase of his trial—the State argued for the exclusion, stating that "it is pretty clear throughout the trial that there is support" for Peyronel. (9 R.R. at 9). The trial judge agreed with the State, mandating that "[n]obody will stay in the courtroom while we proceed with this matter." (9 R.R. at 9-10).

Peyronel was not required to use any "magic language"—he was required to clearly indicate his argument to the judge and to opposing counsel. The State and the trial judge understood Peyronel's objection to the total closure of the courtroom. Thus, the Court of Appeals correctly concluded that Peyronel had sufficiently

6

preserved this issue for appellate review. Finally, in order to justify the closure of the courtroom to Peyronel's supporters, the trial court was required to make weigh the four *Waller* factors; and in failing to do so, the trial court improperly ordered a total closure of the courtroom and violated Peyronel's right to a public trial. *Waller v. Georgia,* 467 U.S. 39, 45, 104 S. Ct. 2210, 2215, 81 L.Ed.2d 31 (1984).

**PRAYER**

Mr. Peyronel respectfully asks this Honorable Court to affirm the opinion of the Court of Appeals and remand the case to the trial court for further proceedings.

Respectfully submitted,

**Alexander Bunin**
Chief Public Defender
Harris County Texas

/s/Frances Bourliot
_____

**Frances Bourliot**
Assistant Public Defender
Harris County Texas
TBN 24062419
1201 Franklin, 13th floor
Houston Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

## Certificate of Service

This is to certify that a copy of the foregoing Appellant's Brief on Discretionary Review has been served on the District Attorney of Harris County, Texas, by e-file on the 3rd day of March, 2015. A copy has also been sent by e-file to the State Prosecuting Attorney, also on the 3rd day of March, 2015.



/s/Frances Bourliot

_____

Frances Bourliot

## Certificate of Compliance

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i)*.

1.	This brief contains 2,318 words printed in a proportionally spaced typeface.

2.	This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 13 point font in footnotes produced by Microsoft Word software.

3.	Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.	Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/s/Frances Bourliot

_____

Frances Bourliot