

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1454-12

**HEATHER THOMAS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS POTTER COUNTY

**PRICE, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

The appellant was convicted of the second degree felony offense of possession of marijuana in an amount between fifty and two thousand pounds.[1]  She initially preserved error by way of a motion to suppress the evidence, which she claimed had been seized during the course of an illegally prolonged roadside detention.  But when that evidence was later

---

[1] TEX. HEALTH & SAFETY CODE § 481.121(a), (b)(5).

proffered by the State during the punishment portion of the unitary proceeding following her non-negotiated plea of guilty to the charge, her attorney expressly declared that he had "no objection" to the admission of the evidence. The trial court nevertheless manifested its understanding that the appellant persisted in her wish to appeal the denial of her pretrial motion to suppress and expressly granted her permission to do so. The court of appeals nevertheless refused to reach the merits of her claim, relying upon longstanding precedent from this Court to hold that her attorney had "waived" the previously preserved objection to the evidence for purposes of appeal when he declared that he had "no objection" to its admission.[2] We granted the appellant's petition for discretionary review in order to examine the propriety of this holding on the particular facts of this case. We will reverse.

### FACTS AND PROCEDURAL POSTURE

On March 29, 2009, Texas Department of Public Safety Highway Patrolman Enoi Phoutthavong stopped the appellant, who was traveling east on Interstate 40 in Potter County. At a pretrial motion to suppress hearing, Phoutthavong testified that he pulled the appellant over because she crossed the white fog line several times.[3] During the stop, he noticed that

---

[2] *Thomas v. State*, No. 07-11-00067-CR, 2012 WL 3762479, at *2 (Tex. App.—Amarillo, delivered Aug. 30, 2012) (not designated for publication).

[3] In its written findings of fact and conclusions of law, the trial court would later determine that these observations gave Phoutthavong authority to detain the appellant for the offense of driving on an improved shoulder. TEX. TRANSP. CODE § 545.058. Because of its holding that the appellant waived any objection to the admission of evidence that was a product of the detention, it did not address the merits of this determination.

the appellant was very nervous and that her hands were visibly shaking. The car the appellant was driving was a one-way rental, and she had very little luggage, further raising his suspicion. After handing the appellant a warning ticket, Phoutthavong asked permission to search her trunk, but the appellant refused. Phoutthavong then called for the assistance of a DPS drug canine unit, detaining the appellant for about five minutes until the canine unit arrived. Once at the scene, the dog alerted to the presence of drugs in the trunk, and upon opening the trunk, the officers found 227 pounds of marijuana concealed under a blanket.

The appellant claimed that she was improperly detained to await the arrival of the canine unit. After hearing testimony, the trial court denied the motion to suppress.[4] The next day, the appellant pled guilty and signed a judicial confession without a sentencing recommendation. The record contains several documents pertaining to the appellant's right to appeal. First, the appellant signed a general plea-admonishment form that included boilerplate language that stated that she was waiving, among other rights, her right to appeal. Second, the record contains a separate form document that was specifically dedicated to waiver of the right to appeal. But the appellant did *not* sign this dedicated waiver. Finally, the appellant also signed the trial court's certification of her right of appeal, pursuant to Rule 25.2, Subsections (a)(2) and (d), of the Texas Rules of Appellate Procedure,[5] indicating that,

---

[4] The trial court entered written findings of fact and conclusions of law a week later.

[5] TEX. R. APP. P. 25.2(a)(2), (d).

because her plea of guilty was not pursuant to a plea bargain, the appellant retained the right to appeal.

After the appellant was admonished and pled guilty to the indictment in open court, the trial court found the evidence sufficient to support her guilty plea.[6] The trial court then adjourned for a lunch break. During the punishment portion that commenced after lunch, the State offered into evidence State's Exhibits 1 through 9, which were some of the evidence challenged in the suppression hearing the day before. The appellant's trial counsel stated: "I don't have any objection to that, Your Honor. [The State] has been kind enough to let me see them before this afternoon and we have no objections." Exhibit 1 was a laboratory analysis establishing the substance to be marijuana, and Exhibits 2 through 9 were photographs of the marijuana. The trial court admitted the exhibits and sentenced the appellant to 6 and a half years' confinement in the penitentiary and a fine of $2,500. Immediately after sentencing the appellant, the trial court informed her of her right to appeal

---

[6] No express mention was made of the appellant's right to appeal during the plea colloquy. After the appellant was admonished as to the applicable range of punishment, she pled guilty. The trial court then inquired whether there had been a plea agreement. Told that there was not, the trial court went over the fact that, by signing the plea papers, the appellant was waiving various constitutional rights including her right to a jury trial. But no particular mention was made of the appellant's right to appeal. Satisfied that the appellant was waiving her rights knowingly and intelligently, the trial court informed the appellant that, "based on your plea of guilty and the judicial confession which you have signed in this matter, I am going to find that the evidence is sufficient to show that you are guilty of the offense with which you were charged in this matter[.]"

both its ruling on her motion to suppress as well as its assessment of her punishment.[7] At

that time, the appellant gave oral notice of appeal, to which the trial court responded: "And

I presume the princip[al] issue for appeal is the issue of the Court's decision on your motion

to suppress?"[8] Commenting that his ruling on the motion had been a "close call," the trial

judge then set bail for appeal.

The court of appeals refused to consider the merits of the appellant's motion to

suppress, observing that the appellant had affirmatively stated that she did not object to the

admission of evidence previously challenged in the suppression hearing and holding that this

statement waived any error previously preserved.[9] In dissent, however, Justice Pirtle urged

---

[7]

 The trial court told the appellant:

> Ms. Thomas, you do have a right of appeal. I think you understood that from the paperwork that you were presented and the paperwork that you signed, but I need to admonish you again that you do have that right to appeal in both with respect to the decisions of this Court regarding prior matters and of course with respect to the sentence the Court has imposed.

[8]

 The appellant could presumably appeal the denial of her motion to suppress, notwithstanding the judicial confession accompanying her non-negotiated plea of guilty. *See Young v. State*, 8 S.W.3d 656, 666-67 & n.32 (Tex. Crim. App. 2000) ("Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty . . . 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error. * * * Even though a guilty plea was accompanied by a judicial confession, a judgment is not independent of a ruling that admitted evidence in error.").

[9]

 The majority opinion held:

> When an accused affirmatively asserts at trial that he has no objection to admission of the complained-of items of evidence, he waives any error in its admission. *See Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992) (en banc); *Dean v. State*, 749

the majority not to "abandon common sense in favor of mechanical application of that principle."[10] Justice Pirtle argued that the rule should not be categorically applied, noting that other courts of appeals have declined to follow it when the trial court makes representations on the record that make it clear it did not regard the "no objection" statement to constitute a waiver under the circumstances of the particular case.[11] In Justice Pirtle's view, it was clear in the instant case that the trial court did not believe it was the appellant's

---

S.W.2d 80, 83 (Tex. Crim. App. 1988) (en banc). Appellant's waiver includes any pretrial ruling that may have been previously obtained. *See Dean*, 749 S.W.2d at 83. Appellant's objection having been waived, nothing is presented for review.

*Thomas*, *supra*, at *2.

[10] *Id*. (Pirtle, J., dissenting).

[11] Justice Pirtle observed:

The "no objection" waiver doctrine has been disregarded by appellate courts where the record fairly indicates that the trial judge was not mislead into believing that the defense was actually waiving or otherwise abandoning the complaint previously made to the introduction of that evidence. *Bouyer v. State*, 264 S.W.3d 265, 268-69 (Tex. App.—San Antonio 2008, no pet.) (trial court held suppression hearing on issue after counsel said "no objection"); *Shedden v. State*, 268 S.W.3d 717, 730 (Tex. App.—Corpus Christi 2008, pet. ref'd) (trial court "expressly represented to [defendant's counsel] that it considered the suppression issue preserved for appeal"). *Accord, See* 43A GEORGE E. DIX AND JOHN M. SCHMOLESKY: *CRIMINAL PRACTICE AND PROCEDURE* § 53:150 (3d ed. 2011) (stating that application of the principles of waiver or forfeiture are "open to doubt" where defense counsel's "no objection" statement might well have been intended by counsel to mean that the defense had no objections beyond those already presented and rejected and the trial court was not mislead into believing that the defense no longer wished to pursue that objection).

*Id*. (Pirtle, J., dissenting).

intent to waive her right to contest the trial court's ruling on her pretrial motion to suppress on appeal and did not regard trial counsel's "no objection" statement to be a waiver under the circumstances.[12] We granted the appellant's petition for discretionary review to address this disagreement among the justices in the court of appeals.[13]

## THE ISSUE

An adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial.[14] But he must also take care not to affirmatively indicate that he has "no objection" to the evidence that he challenged in his pretrial motion to suppress when it is later offered at trial, for this Court has long held that such an affirmative statement

---

[12] *Id*. at *3 (Pirtle, J., dissenting).

[13] TEX. R. APP. P. 66.3(e).

[14] *E.g.*, *Powers v. State*, 456 S.W.2d 97, 98-99 (Tex. Crim. App. 1970) (per curiam); *Graves v. State*, 513 S.W.2d 57, 59 (Tex. Crim. App. 1974); *Harryman v. State*, 522 S.W.2d 512, 516 (Tex. Crim. App. 1975); *Riojas v. State*, 530 S.W.2d 298, 301 (Tex. Crim. App. 1975); *Ebarb v. State*, 598 S.W.2d 842, 843 (Tex. Crim. App. 1979); *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985), *overruled on other grounds by Woods v. State*, 956 S.W.2d 33 (Tex. Crim. App. 1997); *Garza v. State*, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004). This statement of the law presumes, of course, that the legal basis for suppression urged on appeal comports with that which was urged as the legal basis for suppression at the trial court level. *See* George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 53:38, at 994 (3rd ed. 2011) (noting "the traditional requirement that the complaint or issue urged on appeal be the same one which was presented with sufficient specificity to the trial court").

constitutes a "waiver" of the right to raise on appeal the error that was previously preserved.[15]

Although this waiver principle has come under some criticism, the appellant does not argue today that we should abolish it—only that we should qualify it, just as several of the lower appellate courts in Texas have done.[16] As Justice Pirtle pointed out in his dissenting opinion below,[17] several courts of appeals have identified circumstances under which they have deemed it appropriate to deviate from the principle that a statement of "no objection" at trial will serve to "waive" an earlier-preserved claim of error in failing to grant a motion to suppress. The appellant maintains that her case presents such circumstances.

---

[15]

   *E.g.*, *Boykin v. State*, 504 S.W.2d 855, 857 (Tex. Crim. App. 1974); *McGrew v. State*, 523 S.W.2d 679, 680-81 (Tex. Crim. App. 1975); *Mayberry v. State*, 532 S.W.2d 80, 83-84 (Tex. Crim. App. 1976) (opinion on reh'g); *Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); *Gearing*, *supra*, at 329; *Dean v. State*, 749 S.W.2d 80, 82-83 (Tex. Crim. App. 1988); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); *Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992); *Norris v. State*, 902 S.W.2d 428, 439-40 (Tex. Crim. App. 1995), *overruled on other grounds by Roberts v. State*, 273 S.W.3d 322 (Tex. Crim. App. 2008); *Swain v. State*, 181 S.W.3d 359, 367-68 (Tex. Crim. App. 2005); *Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010).

[16]

   Professors Dix and Schmolesky take the view that "[w]hether the rule as applied makes sense as either a waiver or forfeiture rule is open to doubt." George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 53:150, at 1174-75 (3rd ed. 2011). They argue that, under most circumstances, "defense counsel's 'no objection' statement might well have been intended by counsel to mean only that the defense had nothing *beyond what had already been presented and rejected*." *Id*. at 1175. Today the appellant urges us to recognize just such an exception to the rule. She argues that, while a defense counsel's naked statement of "no objection" when evidence is proffered at trial will ordinarily operate to waive an objection previously preserved via an earlier adverse ruling on a pretrial motion to suppress, this should not invariably be the case; and that when it is apparent from the record that the trial court understood the "no objection" statement to mean that the defendant had no *additional* objection to the evidence beyond that which was rejected pretrial, the waiver principle should not control, and error is preserved.

[17]

   *See* notes 10, 11 & 12, *ante*.

Justice Pirtle identified two specific cases. First, in *Bouyer v. State*, the defendant filed a motion to suppress evidence obtained by police when they entered his hotel room without a warrant and, he claimed, without exigent circumstances to excuse its absence.[18] But Bouyer failed to request a pretrial hearing on his motion to suppress, and none was held.[19] When the State later offered the evidence at his jury trial, Bouyer reminded the trial court that he had challenged it in an earlier motion to suppress.[20] The trial court expressed an unconventional preference to defer a hearing on the motion to suppress until after the evidence was admitted, however, promising to instruct the jury not to consider it should the evidence later be deemed inadmissible.[21] With that understanding, Bouyer stated that he had "no objection" to the introduction of the evidence, notwithstanding his extant motion to suppress.[22] When the trial court later convened an evidentiary hearing on the motion to suppress, the State objected to the hearing, arguing that Bouyer had waived his challenge to the admissibility of the evidence by affirmatively stating he had "no objection" to it when it

---

[18] 264 S.W.3d 265, 267 (Tex. App.—San Antonio 2008, no pet.).

[19] *Id*.

[20] *Id*. at 267-68.

[21] *Id*. at 268.

[22] *Id*.

was offered into evidence.[23]  The trial court nevertheless conducted the evidentiary hearing and denied the motion to suppress on the merits.[24]  Recognizing that a "no objection" statement usually will waive preservation of an adverse pretrial ruling, the Fourth Court of Appeals nevertheless held that Bouyer's claim was preserved for appeal under the "unique" circumstances presented.[25]  "By holding the suppression hearing over the State's 'waiver' objection," the *Bouyer* court reasoned, "the trial court clearly did not construe Bouyer's 'no objection' as a waiver of his motion to suppress."[26]

The second case that Justice Pirtle cited was *Shedden v. State*, from the Thirteenth Court of Appeals.[27]  Shedden filed a pretrial motion to suppress evidence that he claimed was the product of an illegal arrest.  The trial court overruled the motion after a pretrial hearing.[28]  At trial, Shedden declared that he had "no objection" to the evidence he had previously challenged in the suppression motion, but he later clarified that he had not intended thereby

---

[23]  *Id.*

[24]  *Id.*

[25]  *Id.*

[26]  *Id.* at 268-69.

[27]  268 S.W.3d 717 (Tex. App.—Corpus Christi 2008, pet. ref'd).

[28]  *Id.* at 721-24, 737.

to waive preservation of his complaint for appeal.[29] "The trial court then expressly represented to Shedden's counsel that it considered the suppression issue preserved for appeal."[30] Relying upon *Bouyer*, and observing that the trial court had not been misled by the appellant's "no objection" statement into thinking that he had intended to abandon his suppression issue for appeal, the court of appeals held that it was preserved and proceeded to address the merits.[31] In the instant cause, we must determine whether such deviations from the general principle are ever appropriate,[32] and, if so, whether Justice Pirtle is correct that deviation is appropriate on the particular facts of this case.

---

[29]
   *Id*. at 730.

[30]
   *Id*.

[31]
   *Id*.

[32]
   *See also Fierro v. State*, 969 S.W.2d 51, 55 (Tex. App.—Austin 1998, no pet.) ("Taking Fierro's statements in the context of the entire record, we conclude Fierro did not waive the alleged error [which was preserved by adverse ruling on a pretrial motion to suppress] by initially uttering in the presence of the jury that he had 'no objection' to the admissibility of the videotape."). Several other courts of appeals have recognized, albeit in unpublished opinions, that a relaxation of the "no objection" waiver rule might be appropriate under some circumstances, as in *Bouyer* and *Shedden*, but they refused to relax it on the particular facts before them. *See Robinson v. State*, No. 06-09-00225-CR, 2012 WL 6518935 at *2 (Tex. App.—Texarkana 2012, delivered Dec. 13, 2012) (not designated for publication) ("Some courts have found a limited exception to the general rule if the record affirmatively shows that the trial court did not construe the 'no objection' statement as an intentional relinquishment of the previous challenge."); *Maldonado v. State*, No. 05-09-00383-CR, 2011 WL 924352 at *2-3 (Tex. App.—Dallas, delivered March 18, 2011) (not designated for publication) (noting the limited exception but finding no indication in the record that the trial court understood the "no objection" statement to be anything other than an abandonment of the earlier-preserved error); *Salazar v. State*, No. 03-08-00164-CR, 2009 WL 3486411 at *2 (Tex. App.—Austin, delivered Oct. 29, 2009) (not designated for publication) (same).

**ANALYSIS**

**Is the Rule Categorical?**

The question in this case is not whether error has been preserved.  The appellant obtained an adverse ruling on her pretrial motion to suppress, and nothing more is necessary to permit her to raise that adverse ruling on direct appeal.  Instead, the question is whether, having once preserved her appellate claim of error in this manner, the appellant took some affirmative action later that served to forfeit it.  Our case law makes it clear that a statement of "no objection" when the complained-of evidence is eventually proffered at trial—at least, without more—will signal to the trial court an unambiguous intent to abandon the claim of error that was earlier preserved for appeal.  But what if there is more to the appellate record than a bare statement of "no objection"?  What if that "more" suggests that an abandonment of the earlier-preserved claim of error was not what trial counsel intended?  Should appellate courts nevertheless invoke the rule that the "no objection" statement constitutes a "waiver" of error?  Error preservation, we have often insisted, is not an inflexible concept.[33]  We believe a rule that says carefully preserved error can nonetheless be abandoned for appeal should not apply mechanically either.

In *Lankston v. State*, we cautioned:

---

[33]

*See Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) ("[T]here are no technical considerations or form of words to be used.  Straightforward communication in plain English will always suffice.");  *Clarke v. State*, 270 S.W.3d 573, 580 (Tex. Crim. App. 2008) (quoting *Lankston*).

The standards of procedural default . . . are not to be implemented by splitting hairs in the appellate courts. As regards specificity [of an objection], all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.[34]

We have extended this concept even so far as to hold that a party need not state his objection with specificity in order to preserve error so long as the record otherwise makes it clear that both the trial court and the opposing party understood the legal basis.[35] After all, the reason that any objection must be specific in the first place is so that the trial court can avoid the error or provide a timely and appropriate remedy, and the opposing party has an opportunity to respond and, if necessary, react.[36] So long as it appears from an appellate record that these

---

[34] *Lankston*, *supra*, at 909.

[35] *See Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977) ("[W]here the correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection."); *Lankston*, *supra*, at 908 (quoting *Zillender*); *Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009) (same); *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) ("When the correct ground for exclusion was obvious to the judge and opposing counsel, no forfeiture results from a general or imprecise objection.") (citing *Zillender*); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (same).

[36] In *Zillender* we observed:

The generally acknowledged policies of requiring specific objections are two-fold. First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. [Footnote: A collateral but important ramification of this function is to provide the trial court with an opportunity to attempt to cure any harm resulting from the action giving rise to the objection. *Coleman v. State*, 481 S.W.2d 872 (Tex.Cr.App. 1972) and cases cited therein.] Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony.

policies have been satisfied, it should not matter to the appellate court whether the objecting party used a particular "form of words"—or any particular words at all, if meaning is adequately conveyed by context.[37]

We see no principled reason why appellate courts should not apply the "no objection" waiver rule with comparable flexibility. Particularly when a defendant has taken pains to file a pretrial motion to suppress, develop testimony at a hearing, and secure an appealable adverse ruling, it is unrealistic to presume that he would lightly forego the opportunity to vindicate his interests on appeal. Moreover, the policies that undergird error preservation have already been satisfied during the litigation on the motion to suppress. The trial court was given every opportunity to grant the motion, if appropriate, and the State was notified that it need not seek out alternative evidence in support of a conviction. No purpose is served by insisting that earlier-preserved error is abandoned by a later statement of "no objection" when the record otherwise establishes that no waiver was either intended or understood.

None of this is to say, of course, that a defendant's bare statement of "no objection" when the evidence that was the subject of the motion to suppress is subsequently offered at trial could never signal an intention to abandon earlier-preserved error for appeal, or at least

---

557 S.W.2d at 517. *See also Clark*, *supra*, at 339 (citing *Zillender* for the proposition that "[t]he two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error").

[37] *State v. Rosseau*, 396 S.W.3d 550, 555 (Tex. Crim. App. 2013) ("Rather than focus on the presence of magic language, a court should examine the record to determine whether the trial court understood the basis of a defendant's request.").

mislead a trial judge into believing so.[38] Perhaps upon reflection the defendant has assessed his chances of success on appeal to be negligible given the evidence produced during the evidentiary hearing; or perhaps, as the State argues, he is satisfied with the punishment he has negotiated with the prosecutor or that he anticipates the judge or jury will impose. But neither contingency is likely enough to justify the absolute and unforgiving application of a rule that any subsequent statement of "no objection" will operate to forfeit a claim of error that has already been assiduously preserved—regardless of the attendant circumstances.

We therefore hold that, as with error preservation in general, the rule that a later statement of "no objection" will forfeit earlier-preserved error is context-dependent. By that we mean that an appellate court should not focus exclusively on the statement itself, in isolation, but should consider it in the context of the entirety of the record. If the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his "no objection" statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal, then the appellate court should not regard the claim as "waived," but should resolve it on the merits. On the other hand, if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the "no objection" statement

---

[38] "[T]he real issue is whether the 'no objection' statement creates a significant risk that the trial judge will be caused to fail to revisit matters resolved earlier by a misperception created by the statement that the defendant no longer seeks to prevail on the matter." Dix & Schmolesky, *supra*, § 53:150, at 1177.

to be a waiver of the earlier-preserved error. Under the latter circumstances, the affirmative "no objection" statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood.

## Application of the Rule in This Case

The record as a whole in this case plainly demonstrates that neither the appellant nor the trial court regarded her "no objection" statement as an abandonment of her claim that the trial court erred to deny her pretrial motion to suppress. At the conclusion of the punishment hearing, the trial judge went to some length to admonish the appellant of her right to appeal, even commenting that he presumed that his adverse ruling on her motion to suppress would constitute the "princip[al]" issue on appeal, and remarking that he regarded that ruling as a "close call" before setting her appellate bond. Neither the appellant nor the prosecutor took issue with these remarks. No error-preservation policy would be undermined by allowing the appellant to appeal the adverse ruling on her pretrial motion to suppress under these circumstances, since the trial court and both parties obviously expected that she would. We therefore agree with Justice Pirtle that the court of appeals majority's categorical application of the "no objection" waiver rule was inappropriate.[39]

---

[39] Were we to hold instead that the "no objection" rule should apply categorically to bar appellate review of the appellant's motion to suppress, we would have to confront a knotty question with respect to the scope of that waiver that the court of appeals overlooked. By explicitly declaring that she had "no objection" to *some* of the evidence that was the product of the detention she claims was unlawfully prolonged, did the appellant also necessarily waive her ability to appeal the trial court's failure to suppress all *other* evidence that was a product of that prolonged detention? Can it be said that, when she abandoned any objection to the lab report and photographs of the marijuana that were contained

**The Boilerplate Waiver of Appeal**

In its brief on discretionary review and during oral argument, the State points to the appellant's boilerplate waiver of appeal as some evidence that, when the appellant announced "no objection" to the evidence at the punishment hearing, she in fact intended to abandon appellate review of the adverse ruling on her motion to suppress.[40] We disagree that, on the facts of this case, the boilerplate waiver supports a reasonable inference that the appellant intended, or that the trial court thought she intended, to abandon her motion to suppress claim. In *Willis v. State*, the defendant signed a similar boilerplate waiver of appeal as part

---

in State's Exhibits 1 through 9, the appellant also evinced an intention to abandon her previous objection to any other evidence that the State might have proffered had the case proceeded to a trial? The appellant's motion to suppress was not limited to challenging the admissibility of "tangible evidence" of the marijuana. It also expressly challenged the admissibility of "any testimony by the officers of the Texas Department of Public Safety or any other law enforcement officers or others concerning such evidence." May the appellant still argue on appeal that the trial court should have suppressed any testimony from Officer Phoutthavong about events during the prolonged detention that might have been necessary to establish a nexus between herself and the drugs—testimony that was rendered unnecessary by the judicial confession upon which the trial court accepted her guilty plea? By declaring that the "no objection" waiver rule is not categorical, we render this question academic, at least for purposes of this case.

[40] Appellee's Brief at 10-11. The State has not argued, either in this Court or in the court of appeals, that this boilerplate waiver of appeal should prevent the appellant from exercising her right to appeal altogether. Nor did the court of appeals address this broader question *sua sponte*. Given this Court's precedents, it seems unlikely that the facts of this case would support such an argument in any event. *See Ex parte De Leon*, 400 S.W.3d 83, 89-90 (Tex. Crim. App. 2013) (given the evidence in the record, the boilerplate waiver of appeal "was not a binding element of Applicant's plea agreements" and "was not intended to override the trial court's permission to appeal"); *Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) ("The record demonstrates that the failure to cross out the language waiving appeal in the plea forms was an oversight."); *Alzarka v. State*, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) ("the language about waiving appeal in the plea forms was an oversight" and "the record . . . rebuts any presumption raised by the terms of the boiler-plate plea form signed by appellant and reflects that appellant did not waive appeal").

of a negotiated plea bargain, but he nevertheless filed a notice of appeal pursuant to the trial court's subsequent permission to do so.[41] The State failed to assert any claim on appeal that Willis's boilerplate waiver should block his appeal.[42] On those facts, we found that "the language waiving appeal in the plea forms was an oversight."[43] Observing that "the trial court is in a better position to determine whether the previously executed waiver of appeal was in fact validly executed[,]" we held that "the trial court's subsequent handwritten permission to appeal controls over a defendant's previous waiver of the right to appeal, allowing the defendant to appeal despite the boilerplate waiver."[44] Accordingly, we remanded the cause for consideration of the merits of Willis's pretrial motion to suppress.[45]

The record in the instant case presents even less compelling facts than those in *Willis* to justify the conclusion that, by signing the boilerplate waiver of appeal, the appellant manifested any genuine intention to abandon her pretrial suppression claim. Unlike the defendant in *Willis*, the appellant here did not even plead guilty as part of a negotiated plea bargain. She gained nothing in the way of a favorable punishment recommendation by

---

[41] *Willis*, *supra*, at 401.

[42] *Id*. at 402.

[43] *Id*. at 403.

[44] *Id*. *See also De Leon*, *supra*, at 89.

[45] *Willis*, *supra*, at 403.

abandoning her right to appeal. What is more, she conspicuously failed to sign the separate dedicated waiver of appeal. Waiver of appeal was not among the matters that the trial court orally reviewed with her during the course of the plea colloquy.[46] Neither party objected later when the trial court admonished the appellant at the conclusion of the punishment portion of the proceedings that, in light of the non-negotiated status of her guilty plea, she would be allowed to appeal any matter *including* the adverse ruling on her motion to suppress.[47] And, as in *Willis*, the State neglected to argue to the court of appeals specifically that the appellant's signature on the boilerplate waiver of appeal operated to deprive her of her right to appeal.[48] Under these circumstances, we do not regard the appellant's signature on the boilerplate waiver of appeal to be anything other than inadvertent—an "oversight"[49]—and certainly less than a knowing and voluntary waiver. It obviously did not mislead the trial court into believing that the appellant intended to waive her right to appeal, much less that she meant to forfeit the particular complaint she took pains to litigate in her pretrial motion to suppress.

---

[46] *See* note 6, *ante*.

[47] *See* note 8, *ante*.

[48] *Willis*, *supra*, at 402.

[49] *Alzarka*, *supra*, at 324.

**CONCLUSION**

Given the record as a whole, the court of appeals erred to conclude that, by stating that she had "no objection" to the introduction of certain evidence during the punishment portion of the proceedings in this case, the appellant "waived" appellate review of the propriety of the trial court's ruling on her pretrial motion to suppress. Accordingly, we reverse the judgment of the court of appeals and remand the cause to that court for further appellate consideration of her points of error consistent with this opinion.

DELIVERED:     September 25, 2013
PUBLISH