

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00282-CR

JAMES EDWIN KERSHAW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 66th District Court Hill County, Texas
Trial Court No. 38,117, Honorable James Morgan, Presiding

July 26, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

James Edwin Kershaw (appellant) appealed his conviction for possessing over five but less than fifty pounds of marijuana. Though sentenced to ten years in prison, his sentence was suspended. Thereafter, he was placed on community supervision for five years. His sole issue concerns the trial court's decision to overrule his motion to suppress evidence. We affirm.[1]

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. See TEX. R. APP. P. 41.3.

Appellant moved to suppress evidence arising from the search of his home. Among the grounds asserted in his motion was that concerning the veracity of a federal agent who executed an affidavit that was utilized to obtain the search warrant. The motion was heard and denied by the trial court. Appellant later moved the trial court to reconsider its decision because he allegedly uncovered additional evidence that further impugned the agent's honesty. That motion also came for hearing. When it concluded, the trial court said: "Well, this is certainly interesting, and I suspect that we'll get to hear more about it at trial. Motion to reconsider is denied." The time for trial arrived within a month.

At trial, the State proceeded to offer evidence obtained as a result of the search of appellant's home and its environs. When discussion about the items began with the mention of a scale, no objection was uttered. Nor were there objections to the discussion about sealed boxes found within the home which contained marijuana. Additionally, appellant would later state that he had "no objection" to the admission of that evidence. Eventually, the State offered pictures depicting the inside of the home, its contents, and marijuana found therein. They were offered in groups, and when each group was offered, appellant replied: "no objection." Indeed, appellant informed the trial court at least ten times that he had "no objection" to the admission of the evidence encompassed within his previous motion to suppress.

Now, the State argues that appellant waived any complaint regarding the denial of his motion to suppress by stating that he had "no objection" to the admission of the evidence. Though a trial court's denial of a prior motion to suppress normally preserves a complaint for review, the situation changes when the complainant states, at trial, that he has no objection to the evidence. The utterance may result in the abandonment of

2

any complaint regarding the propriety of the evidence. Whether it does or not depends upon the results of a test reiterated by the Texas Court of Criminal Appeals in *Stairhime v. State*, 463 S.W.3d 902 (Tex. Crim. App. 2015).

Per *Stairhime*, "when assessing the meaning of an attorney's statement that he or she has 'no objection' in regard to a matter that may have been previously considered and ruled upon, courts should first ask whether 'the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *Id.* at 906 (quoting *Thomas v. State*, 408 S.W.3d 877 (Tex. Crim. App. 2013)). If, after applying the test, it remains ambiguous whether abandonment was intended, then we must resolve the ambiguity in favor of finding waiver. *Id.*

The record at bar reveals that appellant filed a motion to suppress, which the trial court denied. Then, he moved the trial court to reconsider the decision, and the trial court convened a hearing on it. The tenor of argument at that hearing apparently led the court to believe the matter was not over despite its refusal to reconsider the prior decision. Its comment about "suspect[ing] . . . we'll get to hear more about it at trial" evinced as much. Yet, rather than hear appellant further complain, the judge was repeatedly told by appellant that he had "no objection" to the admission of the fruits of the search. Moreover, appellant said nothing of his prior objections to the search or his pretrial motion to suppress. *See Davis v. State*, No. AP-77,031, 2016 Tex. Crim. App. Unpub. LEXIS 1154, at *88 (Tex. Crim. App. Nov. 2, 2016) (holding that issue was abandoned despite having moved to suppress the evidence because appellant uttered "no objection" when the photographs were offered and failed to complain or refer to his pretrial motion to suppress

when the witness began to describe photographs).  Appellant also withheld a request, per article 38.23 of the Texas Code of Criminal Procedure, for an instruction potentially allowing the jury to determine whether or not to consider the evidence obtained in execution of the search warrant.[2]  *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2018) (stating that "[i]n any case where the legal evidence raises an issue [concerning whether evidence was improperly obtained], the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained").  Nor did appellant favor us with a reply brief addressing the topic of waiver. *See Davis v. State*, 313 S.W.3d 317, 352 (Tex. Crim. App. 2010) (stating that appellant is obligated to point out to the reviewing court where the record shows that he has preserved error on his claim).

Authority "makes it clear that a statement of 'no objection' when the complained-of evidence is eventually proffered at trial—at least, without more—will signal to the trial court an unambiguous intent to abandon the claim of error that was earlier preserved for appeal."  *Thomas*, 408 S.W.3d at 884; *Wright v. State*, No. 06-17-00108-CR, 2017 Tex. App. LEXIS 12046, at *4–5 (Tex. App.—Texarkana Dec. 28, 2017, no pet.) (mem. op., not designated for publication) (stating the same and holding that the issue was waived because the appellant said "no objection" and the record failed to demonstrate that he did not intend to waive the issue).  Thus, appellant's utterance here created ambiguity regarding whether he intended to abandon his prior objections to the evidence.

---

[2] We do not suggest that such a request should have been made or granted.  Our allusion to article 38.23 is simply an example of another way to show that abandonment of the complaint is unintended when an appellant says, "no objection."

4

Furthermore, the record before us fails to dispel that ambiguity. It fails to plainly demonstrate that such a waiver was not intended by appellant or understood by the trial court. Indeed, the trial court suspected that it would hear the objections again. It did not. Instead, appellant told it, at least ten times, that he had no objections to the admission of the evidence at issue. Under these circumstances, we agree with the State. Appellant's issue was waived.

We overrule the issue and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.