**Opinion issued January 15, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00447-CR

———————————

## JOE GORDON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1516801**

---

## MEMORANDUM OPINION

A jury found appellant Joe Gordon guilty of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE § 46.04. The trial court found the enhancement paragraph true and assessed punishment at six years' confinement.

Before trial, Gordon unsuccessfully moved to suppress all evidence of firearms obtained by the deputies who had entered Gordon's home. Gordon's two issues on appeal assert that the trial court erred in denying his motion to suppress. During trial, Gordon's counsel continually stated "no objection" to the admission of the firearms evidence and failed to object to testimony regarding that evidence. Because Gordon waived his complaint regarding the trial court's ruling on his motion to suppress, we affirm.

## Background

On July 12, 2016, deputies were dispatched to a rural home in response to a family disturbance call made by Ashley Roy, a woman who had been staying at the home with Gordon for a few weeks. The dispatcher's call slip stated that the suspect was a felon who was inside the home with children and drugs. After arriving at the home, a deputy spoke with Ashley, who told the deputy that Gordon had kicked her out and was inside the home. The deputy used Ashley's cell phone to speak with Gordon and to request that he come out of the house to "get his side of the story." After initially agreeing to come outside, Gordon remained in the house, and the deputy talked to Gordon a second time. This time, Gordon stated he would not come out until his mother was there. When Gordon's mother arrived, she told the deputy that Gordon was not in the house, and she went inside to get her grandchildren. Around that time, a deputy received consent from Ashley to enter the home. The

deputies entered the home and searched for Gordon. Upon entry, the deputies saw multiple firearms in plain view. After searching the home and wooded area behind the home for Gordon, the deputies did not find him.

Before trial, Gordon moved to suppress all evidence of firearms obtained by the deputies during their search, arguing that they obtained the evidence unlawfully in their warrantless entry and search of the home. The trial court held a suppression hearing and denied the motion, finding that the officers had obtained valid consent from Ashley to enter the home and that exigent circumstances existed.

At trial, Ashley testified without objection that Gordon had a handgun and a rifle in the house and that she had observed him shooting the guns while she was staying there with him.

## Analysis

Gordon argues that the trial court abused its discretion by denying his motion to suppress. He maintains that none of the evidence obtained by the deputies should have been admitted because the deputies obtained the evidence under an unlawful warrantless entry and search of the home. Specifically, Gordon argues that the warrantless entry and search were unlawful because Ashley's consent was invalid and because no exigent circumstances existed to excuse the deputies from procuring a search warrant. The State contends on appeal that Gordon's counsel waived the alleged error by stating "no objection" when the State requested that the deputies'

3

photographs of the firearms be admitted at trial.[1] Gordon did not file a reply brief addressing the State's waiver assertion. *See Davis v. State*, 313 S.W.3d 317, 352 (Tex. Crim. App. 2010) (stating that appellant is obligated to point out to reviewing court where record shows he has preserved error).

A party need not renew an objection to preserve a claim of error for appeal when a court hears the party's objections outside the presence of the jury and rules that the evidence is admissible. TEX. R. EVID. 103(b). Thus, an adverse ruling on a pretrial motion to suppress evidence will adequately preserve error on appeal, and "a defendant need not specifically object to the evidence when it is later offered at trial." *Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013). Nevertheless, a defendant may waive this preservation by taking affirmative action to forfeit it. *Id.* at 884.

Texas courts have long held that a statement of "no objection" when the complained-of evidence is offered at trial constitutes a waiver of the error by signaling to the trial court an unambiguous intent to abandon the earlier preserved error. *Id.* In 2013, the Texas Court of Criminal Appeals revised this "no exception" waiver rule, explaining that courts should not apply it inflexibly. *Id.* Rather than

---

[1] The State's brief does not address the trial court's suppression ruling or the appellant's suppression arguments on appeal.

focusing on the statement of "no objection" exclusively, a court should view the record in its entirety to determine whether the error was waived. *Id.* at 885.

An appellate court first asks whether "the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *Id.* After reviewing the entire record, if it is ambiguous whether the abandonment was intended or understood, then the appellate court should find the "no objection" statement to be a waiver of the earlier-preserved error. *See id.* Thus, "the affirmative 'no objection' statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood." *Id.* at 885–86.

The State offered photographs of the firearms taken at the scene four separate times during trial. Each time, Gordon's counsel stated "no objection" and failed to complain or refer to his pretrial motion to suppress when each witness began to describe the photographs and testify about the photographs' contents. We have reviewed the record in its entirety and are unable to find anything clearly demonstrating that Gordon's trial counsel did not intend to waive the earlier-preserved error.[2] The record is thus ambiguous as to whether Gordon's counsel

---

[2]   The State notes that waiver at trial of the earlier-preserved error is consistent with the defense's apparent change in strategy from the suppression hearing, where Gordon's argument was that the deputies unlawfully entered his house

5

intended to waive the earlier-preserved error by continually stating "no objection."

Therefore, we conclude that the "no objection" statements are a waiver of Gordon's

earlier-preserved error, and we overrule Gordon's two issues. *See id.*

## Conclusion

We affirm the judgment of the trial court.


Richard Hightower
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

---

and that Ashley lacked authority to consent to entry and a search. At trial, however, the defense strategy was to disavow Gordon's connection to the house.