

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00023-CR

---

BRAD SHERMAN BAPTISTE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the County Court at Law Number 12
Bexar County, Texas
Trial Court No. 531008; Honorable Maria Herr, Presiding

---

April 21, 2020

## CONCURRING and DISSENTING OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Brad Sherman Baptiste, appeals from his jury conviction for the Class A misdemeanor offense of driving while intoxicated.[1] Following the jury's verdict, the trial court imposed a sentence of six months in county jail, suspended for two years, and a fine of $800. The majority initially finds that Appellant failed to preserve his claimed error concerning the admission of certain audio statements recorded on the arresting officer's dashcam recorder, then goes on to discuss why, even if an objection had been timely

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a), (d) (West Supp. 2019).

made, the admission of the statements was not error. While I agree with the majority's analysis of the merits of Appellant's claim and the ultimate disposition of this appeal, I write separately to dissent from that portion of the majority opinion finding a failure to preserve error and to further express my opinion that Appellant did not "waive" his objection to the admissibility of certain audio statements simply by stating "no objection" to the State's tender of State's Exhibit Number 6, the digital recording of the arresting officer's dashcam audio and video.

### ANALYSIS

Prior to trial, counsel for Appellant and the prosecutor reviewed the dashcam recording in question and "agreed on certain redactions to the *video.*" (Emphasis added). At trial, the first witness called by the State was Jason Portillo, the arresting officer. After establishing Officer Portillo's duties and experience as a police officer, and after establishing his basis for the original detention, the prosecutor asked the witness, "Did [Appellant] tell you when the last time he had a drink was?" At that moment, defense counsel immediately objected to the disclosure of Appellant's statements. A discussion was had between the trial judge and counsel regarding the admissibility of those statements pursuant to article 38.22 of the Texas Code of Criminal Procedure. At the conclusion of those discussions, the trial judge admonished the prosecutor to clarify the State's argument for admissibility "[a]nd then move on from this line of questioning." The prosecutor immediately asked the witness, "Do you have an on-board video camera in your vehicle?" After establishing the camera's capability of making accurate recordings, the State proffered State's Exhibit Number 6 to the officer for identification. Officer Portillo stated that the exhibit was a "fair and accurate depiction of the events as they occurred"

2

and the prosecutor moved to admit the exhibit. At that time, defense counsel stated, "no objection," and the trial court admitted the exhibit.

It is this statement by defense counsel, in this context, that forms the basis of the State's argument, and the majority's position, that Appellant failed to preserve error. Because I do not believe any rational trial judge, in the context of this statement, would have understood that simple statement to constitute a knowing and voluntary waiver of Appellant's objection to the admissibility of the statements (an objection made mere moments before), I respectfully dissent from the conclusion reached by the majority in that respect.

In the context of the "no objection" statement, I believe defense counsel was merely stating that he had "no objection" to the predicate needed to establish the introduction of a recording. In fact, when later published to the jury by the playing of the recording, defense counsel again immediately objected when the recording reached the objectionable *audio* portion of the recording. At that point, the State did not argue "waiver" or "failure to preserve." Only now, on appeal, does the State disingenuously choose to make that argument. If we are going to talk about waiver, it seems far more logical to contend the State waived its "failure to preserve" argument than it does to contend Appellant waived his evidentiary argument.

The "no objection" waiver doctrine has been disregarded by appellate courts where the record fairly indicates that the trial judge was not misled into believing that the defense was actually waiving or otherwise abandoning the complaint previously made to the introduction of that evidence. *See Thomas v. State*, 408 S.W.3d 877 (Tex. Crim. App.

3

2013) (holding that the "no objection" waiver rule should not be applied mechanically in every case).  *See also Bouyer v. State*, 264 S.W.3d 265, 268-69 (Tex. App.—San Antonio 2008, no pet.) (trial court held suppression hearing on issue after counsel said "no objection"); *Shedden v. State*, 268 S.W.3d 717, 730 (Tex. App.—Corpus Christi 2008, pet. ref'd) (trial court "expressly represented to [defendant's counsel] that it considered the suppression issue preserved for appeal").  *Accord* 43A GEORGE E. DIX AND JOHN M. SCHMOLESKY: CRIMINAL PRACTICE AND PROCEDURE § 53:150 (3rd ed. 2011) (stating that application of the principles of waiver or forfeiture are "open to doubt" where defense counsel's "no objection" statement might well have been intended by counsel to mean that the defense had no objections beyond those already presented and rejected and the trial court was not misled into believing that the defense no longer wished to pursue that objection).

### CONCLUSION

I, therefore, respectfully dissent from the conclusion Appellant failed to preserve his evidentiary objection.  I do, however, concur in the conclusion that the statements Appellant made as a result of Officer Portillo's questioning were not obtained from custodial interrogation.  Therefore, I concur in the ultimate decision to affirm Appellant's conviction.

Patrick A. Pirtle
Justice

Do not publish.

4