

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. PD-0239-23**

**DONTAE TERRELL MOORE, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTEENTH COURT OF APPEALS
HARRIS COUNTY**

*Per curiam.*

### O P I N I O N

Appellant filed a pretrial motion to suppress his two videotaped statements on the ground that the statements were involuntary. The trial court held a hearing and denied the motion. At trial, when the State began to ask the interviewing detective questions about the recorded statements, defense counsel said, "Just so the record is clear, we would like a running objection as to both interviews based on our previous motion." The court responded, "All right." The prosecutor asked a few questions about whether the exhibits were accurate copies of the original recordings, then offered the exhibits into evidence.

Defense counsel stated, "no objections," and the trial court admitted them into evidence.

On appeal, appellant raised two points of error in which he argued that he had not voluntarily waived his rights in making the statements. The court of appeals declined to address his arguments, holding that appellant forfeited any error when defense counsel stated that he had "no objections" to admission of the statements. *Moore v. State*, No. 14-07-00366-CR slip op. at 7 (Tex. App.–Houston [14th Dist.] Aug. 28, 2008)(not designated for publication).

Appellant filed a petition for discretionary review in 2009, which was dismissed by this Court as untimely filed. We granted appellant an out-of-time petition in April 2023. Appellant has now timely filed a petition for discretionary review in which he contends that the court of appeals erred in refusing to address the merits of his claims. We agree.

"[A]s with error preservation in general, the rule that a later statement of 'no objection' will forfeit earlier-preserved error is context-dependent." *Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013). A reviewing court should not focus on the "no objection" statement in isolation, but should consider it within the context of the whole record. *Id.* "If the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal, then the appellate court should not regard the claim as 'waived,' but should resolve it on the merits. On the other hand, if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the 'no

objection' statement to be a waiver of the earlier-preserved error." *Id.* While *Thomas* was decided after the court of appeals' opinion in the instant case, it was based upon general principles of preservation of error law.

Here, considering the record as a whole, it is obvious that defense counsel did not, by saying that he had "no objections," intend to forfeit his earlier objections. In fact, less than a couple of minutes before, counsel had gone to the trouble of securing a running objection to his earlier complaints about admissibility of the statements. It is apparent from the context that defense counsel was merely signaling that he had no further objections to the recorded statements based upon the prosecutor's line of questioning regarding the accuracy and quality of the copies.

The court of appeals erred by viewing in isolation defense counsel's assertion that he had "no objections" and holding that appellant forfeited his claims. Appellant is entitled to have the merits of his claims reviewed. *See* TEX. R. APP. P. 47.1 (court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal").

We grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court to address appellant's points of error three and four.

Delivered July 26, 2023
Do not publish