**Affirm and Opinion Filed August 31, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01096-CR**

**JASON EDWARD PENA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**McLennan County, Texas**
**Trial Court Cause No. 2020-0945-CR1**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Miskel

Jason Edward Pena appeals his conviction for misdemeanor theft, for which

the trial court assessed a twelve-month sentence and a $2,000 fine. *See* TEX. PENAL

CODE ANN. § 31.03(e)(3). We affirm.

### I. WE HAVE JURISDICTION

The record reflects that Pena and his trial counsel signed a boilerplate form

waiving Pena's right to appeal. However, on the same form, the trial court certified

that Pena had the right to appeal, creating an apparent conflict. Pena did not enter a

plea agreement with the State, and there was no record of any admonition by the trial

court that Pena would be waiving his right to appeal. Just the opposite, Pena stated on the record that he wanted to appeal, and the trial court did not disabuse him of the notion that he was permitted to do so. And the State has not argued that the waiver deprives Pena of the right to appeal.

On similar facts, the Texas Court of Criminal Appeals held that a certification granting the right to appeal controlled over an inadvertent waiver of the right to appeal. *See Thomas v. State*, 408 S.W.3d 877, 887 (Tex. Crim. App. 2013); *see also Willis v. State*, 121 S.W.3d 400, 401–03 (Tex. Crim. App. 2003). In line with *Thomas*, we conclude we have jurisdiction over this appeal despite the apparently inadvertent waiver. *See Burkley v. State*, Nos. 05-21-00827-CR, 05-21-00828-CR, 2023 WL 2568923, at *3 (Tex. App.—Dallas Mar. 20, 2023, no pet.) (mem. op., not designated for publication).

## II.   THE APPEAL IS FRIVOLOUS

Appointed counsel filed a motion to withdraw and a brief under *Anders v. California* in which he stated that after thorough review, he has found no grounds for appeal with potential merit. 386 U.S. 738, 744–45 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Pena of his motion to withdraw; (2) provided him with copies of the motion, the brief, and the record; (3)

informed him of his right to file a pro se response; and (4) informed him of his right to seek discretionary review should this court hold the appeal frivolous. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Pena the opportunity to file a response, but he did not do so.

After appointed counsel files a motion to withdraw on the ground that an appeal is frivolous, we are obligated to undertake an independent examination of the record to determine whether there is any arguable ground that may be raised. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988).

After review, we agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support an appeal. We grant counsel's motion to withdraw and affirm the judgment.

221096f.u05
Do not publish.
Tex. R. App. P. 47.2(b).

/Emily Miskel/
EMILY MISKEL
JUSTICE

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON EDWARD PENA, Appellant

No. 05-22-01096-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No 1, McLennan County, Texas Trial Court Cause No. 2020-0945-CR1.

Opinion delivered by Justice Miskel. Justices Partida-Kipness and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of August, 2023.