

# NUMBER 13-24-00211-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ALFREDO VILLARREAL,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF DEWITT COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Alfredo Villarreal challenges his conviction of possession of a controlled substance in the amount of four grams or more but less than 200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). Villarreal's sole argument on appeal is that the trial court erred in denying his motion to suppress. We affirm.

# I.    BACKGROUND

The trial court held a pretrial hearing on Villarreal's motion to suppress. Captain Steven Ellis and Sergeant Justo Jesse Hernandez of the Cuero Police Department (CPD) testified at the hearing. Ellis stated that the two officers were "assisting on a call regarding Amber Galindo" who had an active felony warrant for her arrest, and they proceeded to her alleged location. The officers eventually located Galindo and Villarreal walking together along a street nearby. The officers testified that they pulled over, and Hernandez arrested Galindo. Once Galindo was secured, Hernandez testified that he conducted a pat down of Villarreal to check for weapons while they waited for a unit to arrive to transport Galindo.

During the pat down, Hernandez said he felt something in Villarreal's right front pocket that he suspected was a knife. Hernandez said that Villarreal gave him permission to retrieve the item, which was revealed to be a torch lighter. According to the officers, the lighter looked like those commonly used with methamphetamines. While Hernandez patted down Villarreal's right side, Ellis observed Villarreal reach several times towards his left pocket and noticed that a prescription bottle cap was peeking out of that pocket. Ellis testified that he "informed [Villarreal] several times to quit reaching towards his pocket, and when [Villarreal] made a movement again, [he] grabbed [Villarreal's] hand and informed Sergeant Hernandez at the time to go ahead and detain him at that point for [the officers'] safety." Ellis testified that at this point the officers had probable cause to search Villarreal's left pocket "to make sure there was nothing else . . . that could harm us or anybody else." Hernandez then searched Villarreal's left pocket and retrieved a

baggie of methamphetamine, Tramadol pills, and a prescription bottle of Promethazine. The officers also confiscated Villarreal's backpack which contained a digital scale.

Defense counsel asked the court to suppress the drug evidence because the officers "went beyond the scope of a *Terry* frisk"[1] and did not "articulate[] anything that gave them probable cause to search in his pocket." The trial court denied the defense's motion, finding that Villarreal's "furtive actions and continuing to reach into his pocket made [the officer's pat down] go from a *Terry* frisk to probable cause to search that pocket for additional weapons."

At trial, the State offered Ellis and Hernandez as witnesses and introduced photo exhibits of the confiscated drugs and items. When the State introduced the exhibits, defense counsel stated, "I've seen these exhibits. I don't have any objection." Counsel also stated that he had "no objection" to the State's exhibit of the lab report confirming that the substance found in Villarreal's pocket was methamphetamine. Finally, during counsel's closing argument, he stated,

> The first sentence in [the jury charge] says, ["]Our law provides an officer may [']pat down['] or search a person for weapons for officer safety,["] okay? This is . . . called a *Terry* search or a *Terry* frisk or a *Terry* pat down. We don't dispute that [officers] can do that any time. . . .
>
> It's limited exclusively to weapons or something that could be a weapon. You heard [the officer] testify he patted [Villarreal] down. He found the lighter. He pulled it out. The officer also testified that did not give them probable cause to extend the search for other things and that the officer said that the probable cause came from [Villarreal] messing with his pocket. . . .
>
> [I]f you find that [] did not give them probable cause to do a search, the officers also said the *Terry* search does not give . . . them the right . . . to do a probable cause search. So there are two different things, okay?

---

[1] *See Terry v. Ohio*, 392 U.S. 1 (1968).

So sentence one is the *Terry* search. We don't dispute that they can pat them down for weapons. . . .

[The officers] need[ed] probable cause to continue searching for something other than a weapon. And that's what we're alleging that they didn't have . . . If you do find that they did not have probable cause, then that is a constitutional violation, and [the jury charge] says ["]you shall disregard any evidence as such obtained.["]

The jury found Villarreal guilty of the aforementioned offense and assessed punishment at ten years' imprisonment. The trial court sentenced him accordingly. This appeal followed.

## II. DISCUSSION

Villarreal argues on appeal that the trial court erred in denying his motion to suppress because the arresting officers did not have justification to conduct a *Terry* frisk. He does not challenge whether the officers had probable cause to search him—only that the initial search of his person was unjustified. In response, the State contends that Villarreal waived his complaint because it does not comport with the argument made in his motion to suppress. *See* TEX. R. APP. P. 33.1(a).

Villarreal's written motion to suppress argued that the officers "violated the constitutional and statutory rights of [Villarreal] under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution[;] Article I, Section 9 of the Texas Constitution[;] and under Article 38.23 of the Texas Code of Criminal Procedure." *See* U.S. CONST. amend. IV, V, VI, XIV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 38.23(a). It further alleged that (1) "[a]ny statements obtained from [him]," (2) [a]ny wire, oral, or electronic communications intercepted in connection with this case," and (3) "[a]ny tangible evidence" was seized without warrant, probable cause or other lawful authority. The motion did not complain about the officers' justification for the *Terry*

4

frisk nor did it contain any arguments that could be construed as claiming the officers lacked reasonable suspicion to conduct a *Terry* frisk. *See Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011) ("Under the Fourth Amendment, a warrantless detention of the person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion."); *see also Terry v. Ohio*, 392 U.S. 1, 21–22 (1968). At the hearing on the motion, defense counsel argued that the officers did not have probable cause to continue searching Villarreal after the *Terry* frisk and exceeded the scope of the frisk. Counsel did not argue that the officers' initial justification for the frisk was improper. We agree with the State that Villarreal's issue on appeal does not comport with the issue raised in his motion to suppress and was not otherwise preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) ("[A]ppellate courts may uphold a trial court's ruling on any legal theory or basis applicable to the case, but usually may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case[] but was not raised.").

The State further contends that, even if Villarreal's complaint on appeal comports with his complaint at trial, Villarreal waived his complaint because "an affirmative representation of 'no objection' at trial may waive a prior objection to evidence by motion to suppress." The Texas Court of Criminal Appeals has explained as follows:

> An adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial. But he must also take care not to affirmatively indicate that he has "no objection" to the evidence that he challenged in his pretrial motion to suppress when it is later offered at trial, for this Court has long held that such an affirmative statement constitutes a "waiver" of the right to raise on appeal the error that was previously preserved.

*Thomas v. State*, 408 S.W.3d 877, 881–82 (Tex. Crim. App. 2013) (internal citations omitted). This rule "is context-dependent," meaning that we "should not focus exclusively on the statement itself, in isolation, but should consider it in the context of the entirety of the record." *Id.* at 885.

> If the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his "no objection" statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal, then the appellate court should not regard the claim as "waived," but should resolve it on the merits. On the other hand, if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the "no objection" statement to be a waiver of the earlier-preserved error. Under the latter circumstances, the affirmative "no objection" statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood.

*Id.* at 885–86.

In this case, though Villarreal obtained an adverse ruling on his pretrial motion to suppress, he stated at trial that he had "no objection" to the admission of the State's exhibits of the seized contraband. Specifically with regard to the issue Villarreal raises on appeal, defense counsel did not question Ellis and Hernandez during cross examination on the initial justification for the *Terry* frisk. Counsel explicitly stated that he was not challenging the validity of the *Terry* frisk in his closing argument. Looking at the trial as a whole, we conclude that Villarreal waived his complaint on appeal by stating that he had "no objection" to the evidence which he now claims should have been suppressed. *See id.* at 885; *see also Gordon v. State*, No. 01-17-00447-CR, 2019 WL 190381, at *1–2 (Tex. App.—Houston [1st Dist.] Jan. 15, 2019, no pet.) (mem. op., not designated for publication) (holding that appellant waived his motion to suppress complaint because his trial counsel stated he had "no objection" to the introduction of the complained-of evidence

6

at trial, and nothing in the record "clearly demonstrate[ed] that [his] trial counsel did not intend to waive the earlier-preserved error").

We overrule Villarreal's sole issue.

### III.    CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
28th day of August, 2024.