

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00103-CR

---

**TATE ED BROWN, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 20-3487, Honorable Reed A. Filley, Presiding

---

March 31, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury found Tate Ed Brown, Appellant, guilty on two counts of possession of a controlled substance, one gram or more but less than four grams.[1] In two issues on appeal, Appellant argues that the trial court erred in denying his motion to suppress and the evidence was insufficient to convict him. We affirm.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

BACKGROUND

Trooper Ricky Walters, a state trooper for the Texas Department of Public Safety, was on patrol in Garza County on January 12, 2020.  Using his radar, he clocked a vehicle driving 34 miles per hour in a 30-mile-per-hour zone.  He performed a traffic stop.  When he approached the passenger side of the vehicle, where Appellant was seated, Trooper Walters immediately detected the odor of marijuana emanating from the car.  He asked Appellant to exit the vehicle.  Appellant sat in the trooper's vehicle while the trooper checked Appellant's and the driver's licenses.

Trooper Walters then conducted a search of the vehicle.  Appellant acknowledged there was marijuana inside.  The trooper found a bag of marijuana in the front passenger seat.  He also found two baggies inside a cup located in the center console of the vehicle.  Trooper Walters suspected, and it was later confirmed by testing, that one baggie contained methamphetamine and one baggie contained cocaine.  Appellant and the driver were both arrested.  When he was booked and searched at the jail, Appellant was found to have more cocaine inside the money in his pocket.

Appellant was indicted for possession of methamphetamine under one cause number and for possession of cocaine under another.  Each indictment included an enhancement paragraph alleging a 2015 felony conviction for possession of a controlled substance.  The charges were consolidated for trial.

Appellant filed a motion to suppress in which he argued that Trooper Walters did not have a legally sufficient reason to stop the vehicle, thus "this was an illegal motor vehicle detention . . . ."  In support of his motion, Appellant attached his handwritten

"Statement of Claim" asserting that the driver "maintained all speed signs" and "was moving at 15-20 miles per hour" when Trooper Walters turned on his lights to pull them over. By his motion, Appellant sought to suppress "all evidence," "all physical evidence," "all photographs, digital still images and videotaped images," "all testimony of any law enforcement officers," "the results of any and all scientific tests," and "all statements" of Appellant.

The trial court set the motion for hearing by submission. Appellant submitted no additional evidence in support of his motion. In its response, the State asserted that Trooper Walters, using his radar, determined that the vehicle was driving over the posted speed limit. The State submitted Trooper Walters's offense report and the dashcam video recording of the stop in support of its response. The trial court denied Appellant's motion. Appellant did not request, and the trial court did not make, findings of fact supporting the denial of the motion to suppress.

The case was tried to a jury in March of 2022. The jury found Appellant guilty on both charges, found the enhancement paragraph to be true, and assessed punishment in each count at 20 years' confinement plus a $1,000 fine.

**ANALYSIS**

Denial of Motion to Suppress

In his first issue, Appellant argues that the trial court should have granted his motion to suppress because Trooper Walters did not have any legal right to stop the vehicle, as it was not speeding or violating any other law. We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919,

922 (Tex. Crim. App. 2011). We apply a bifurcated standard of review, affording almost total deference to a trial judge's determination of historical facts and reviewing the trial court's application of law to the facts de novo. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016).

We first address the State's argument that Appellant waived any issue regarding the legitimacy of the traffic stop and the evidence from the ensuing search by declaring he had "no objection" to the admission of such evidence at trial. Preservation of error is a systematic requirement on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). Though a trial court's denial of a prior motion to suppress normally preserves a complaint for review, the situation changes when the complainant states, at trial, that he has no objection to the evidence. *Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013). Stating "no objection" may, but does not necessarily, result in the abandonment of any complaint regarding the admission of the evidence. *See id.* (whether statement of "no objection" forfeits earlier-preserved error is "context-dependent"). If the record plainly demonstrates the defendant did not intend to abandon his earlier objection to the admission of the evidence and the trial court did not construe the statement as such, then the reviewing court should not regard it as waived. *Id.* If the record does not make it clear, then we should consider the issue waived. *Id.* at 885–86.

At trial, Trooper Walters was the State's first witness. He testified that he stopped the vehicle for going 34 miles per hour in a 30-mile-per-hour zone and that this was a lawful reason to pull a driver over. He confirmed that he then conducted a traffic stop and got out of his vehicle. At that point, Appellant's counsel asked to approach the bench. He requested a running objection "subject to the motion to suppress," which the trial court

4

granted. Appellant's counsel further stated, "No objections to any testimony at this point, Judge . . . ."

As the State's direct examination of Trooper Walters continued, the State moved to admit its exhibits 3A through 3E, which were the narcotics at issue. Appellant's counsel stated, "No objections, Your Honor." Subsequently, Appellant's counsel affirmatively stated that he had "no objections" to the other evidence offered by the State, which consisted of the bodycam and dashcam videos and the drug analysis laboratory report. In the course of the trial, Appellant's counsel did not argue or imply that the traffic stop was illegal. Instead, Appellant's counsel pursued a strategy focused on whether Appellant knowingly or intentionally possessed the narcotics found in the vehicle. In his closing argument, Appellant's counsel indicated that the traffic stop was legal, stating:

> I think the trooper was looking for a reason to stop that vehicle. And then when the – when the vehicle went 34 in a 30, as you heard from the video, the trooper stopped him for the traffic violation. That's all legal. There's no issues with that. That's certainly within the realm of what officers can do, and that's what the officer did. And we're not complaining about that.

In our view, Appellant's affirmative "no objection" statements, combined with the statements regarding the legitimacy of the traffic stop, evince an intent to abandon Appellant's earlier objection to the admission of evidence obtained as a result of the stop. *See Thomas*, 408 S.W.3d at 885–86 ("no objection" statement should be considered in context of entirety of record; statement waives previously preserved error unless the record "plainly demonstrates" that defendant and trial court understood otherwise). Therefore, we conclude that Appellant waived his complaint regarding the trial court's denial of his motion to suppress. We overrule Appellant's first issue.

5

<u>Sufficiency of the Evidence</u>

In his second issue, Appellant contends that the evidence does not support his conviction for possession of a controlled substance, claiming that there is "legally insufficient evidence of any affirmative links regarding [p]ossession." Appellant argues that the driver of the vehicle could have placed the contraband inside the cup while Trooper Walters was questioning Appellant.

When reviewing the sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider both direct and circumstantial evidence as well as all reasonable inferences that may be drawn from that evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the matter possessed was contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and establish that the accused's connection with it was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). A factfinder may "infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and

6

circumstances justifying such an inference." *Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016). Circumstantial evidence can be sufficient to establish guilt; it is not necessary for every fact to point directly and independently to the accused's guilt. *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014). The jury, as the trier of fact, is the sole judge of the weight of the evidence and credibility of the witnesses. TEX. CODE CRIM. PROC. ANN. art. 38.04; *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

Numerous factors have been recognized as contributing to an evaluation of whether a defendant possesses or is linked to contraband. Those factors include: (1) the accused's presence when the search was executed; (2) whether the contraband was in plain view; (3) the accused's proximity to and the accessibility of the contraband; (4) whether the accused was under the influence of a controlled substance when arrested; (5) whether the accused possessed other contraband when arrested; (6) whether the accused made incriminating statements; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the accused owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12. These factors are non-exhaustive and are not to be considered in isolation. *Id.* at 164–66.

Considering these factors, and the totality of the circumstances, we find evidence in the record showing that Appellant was in the vehicle when it was stopped and present when it was searched; marijuana was found in a bag where Appellant was sitting;

7

Appellant was in close proximity to and had access to the cocaine and methamphetamine found in the cup in the center console; Appellant had cocaine in his pocket when he was arrested; Appellant acknowledged that marijuana was in the vehicle; there was an odor of marijuana in the vehicle; and the cocaine and methamphetamine were found in an enclosed place.  Based on the combined and cumulative force of the evidence and the reasonable inferences therefrom, we conclude that the jury was rationally justified in finding beyond a reasonable doubt that Appellant knowingly possessed cocaine and methamphetamine.  *See Jackson*, 443 U.S. at 318–19; *Evans*, 202 S.W.3d at 162.  Therefore, the evidence was sufficient to support his conviction.  *See Brooks*, 323 S.W.3d at 895.  We overrule Appellant's second issue.

## CONCLUSION

Having overruled both of Appellant's issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

8