**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00315-CR**
**NO. 09-24-00316-CR**

_____

**LAURA E. CONTRERAS-CORTEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 23-09-13797-CR and 23-09-13798-CR**

**MEMORANDUM OPINION**

A jury found Appellant Laura E. Contreras-Cortez guilty of possession of a controlled substance, namely methamphetamine, in an amount of 400 grams or more with intent to deliver in trial cause number 23-09-13797-CR. The jury also found her guilty of possession of a controlled substance, namely heroin, in an amount of 1 gram or more but less than 4 grams in trial cause number 23-09-13798-CR. *See* Tex. Health & Safety Code Ann. §§ 481.112(f), 481.115. The trial court sentenced

Appellant to twenty years in prison and assessed a $5,000 fine in trial cause number 23-09-13797-CR and sentenced Appellant to six years in prison in trial cause number 23-09-13798-CR. The trial court ordered that Appellant serve the sentences concurrently. Appellant timely appealed. In both cases, she raises only one appellate issue challenging the trial court's denial of her motion to suppress. We affirm.

## Background

Officer Sammy Gonzales with the Harris County Sheriff's Office testified that he had obtained warrants for Appellant and her common law husband, Jose Cruz, after a drug investigation. After conducting surveillance at an address and seeing Cruz and Appellant exit a trailer on the property, Officer Gonzales, with the assistance of officers with the Montgomery County Precinct 4 Constable's Office, ultimately served the warrants on Cruz and Appellant. According to Gonzales, Appellant complied with the officers' demands, and she was taken into custody. Cruz ignored the officers' demands and reentered the trailer. Once Cruz finally exited the trailer, he was also taken into custody. Gonzales and other officers conducted a protective sweep of the trailer to make sure the location was secure, and that no other person was hiding in the trailer. While conducting the protective sweep, Officer Gonzales noticed a crystalline substance in plain view on a "tote lid[]" in the kitchen, a hydraulic press commonly used to mold drugs, and a liquid substance in the restroom. Officer Gonzales also recalled that Cruz gave consent to search the

2

trailer, and Appellant signed a written consent form to search the trailer. Substances seized from the trailer tested positive as methamphetamine with a net weight of 524.28 grams (including any adulterants and dilutants) and heroin with a net weight of 2.1 grams (including any adulterants and dilutants).

Prior to trial, Appellant filed a Motion to Suppress seeking to suppress any evidence seized by law enforcement in connection with her arrest, including but not limited to narcotics or other contraband, which she alleged had been seized "without warrant, probable cause or other lawful authority" in violation of her rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 9, 10, and 19 of the Texas Constitution.[1] At the hearing on the motion to suppress, Appellant argued that the protective sweep was an illegal search and that Appellant's consent to search was not voluntary. The trial court denied the motion to suppress and stated:

> [B]ased on the testimony [and the evidence admitted at the suppression hearing], I find that the protective sweep, that that was conducted within a five-minute period and that the testimony supports that verbal consent was gained from the co-defendant, who then referred the officers to the defendant in this case.
> And officers did have a conversation with her, along with giving her a consent form, where the consent form itself was given in Spanish and based on the testimony, the officer felt that the defendant felt more comfortable with that and translated the consent form here in the

---

[1] In her motion to suppress, Appellant also sought to suppress all oral statements she made in connection with her arrest, but she abandoned that part of the motion at the pretrial hearing.

3

courtroom today, showing that the individual signing off on that, Ms. Cortez, was doing that freely and voluntarily.

Based on that, I'm denying the motion to suppress.

Analysis

In her sole appellate issue, Appellant challenges the trial court's denial of her motion to suppress. Specifically, she argues that the protective sweep was not valid in this case because Deputy Gonzales's testimony at the suppression hearing does not include specific articulable facts that the trailer was harboring an individual that would be a danger to officers at the scene, his testimony shows that he was not in fear of what was in the trailer, and he did not have reason to believe that a person was in the trailer. Appellant also contends that the record here does not show that she voluntarily consented to the search of the trailer by clear and convincing evidence. According to Appellant, the trial court's error in denying the motion to suppress harmed Appellant because it allowed the State to use the evidence obtained after the search of her trailer which then resulted in her conviction.

The State disagrees and argues that the sweep was justified and Appellant and Cruz consented to the search, and the State contends Appellant waived any challenge to the trial court's ruling on the motion to suppress when Appellant affirmatively stated "no objection" to the admission of the evidence when it was offered at trial.

Generally, an adverse ruling on a pretrial motion to suppress evidence will suffice to preserve error for appeal, and a defendant need not specifically object to

4

the evidence when it is later offered at trial. *Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013). However, a defendant must take care not to affirmatively state that the defendant has "no objection" to the evidence when the evidence is offered at trial, or the defendant may have waived the complaint about previously preserved error. *Id.* Application of this "no objection" waiver rule is not inflexible or automatic, and it depends on the context. *Id.* at 885; *see Stairhime v. State*, 463 S.W.3d 902, 906 (Tex. Crim. App. 2015). When assessing whether a statement of "no objection" waives a previously preserved error, we first ask whether "the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, [her] 'no objection' statement to constitute an abandonment of a claim of error that [s]he had earlier preserved for appeal." *Stairhime*, 463 S.W.3d at 906 (quoting *Thomas*, 408 S.W.3d at 885). If after reviewing the entire record, "it remains ambiguous whether waiver was intended, the court should resolve the ambiguity in favor of a finding of waiver." *Id.* Under such circumstances, "the affirmative 'no objection' statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood." *Thomas*, 408 S.W.3d at 885-86.

When the State offered seven photographs taken during the search of the trailer which showed items found inside the trailer, the defense counsel affirmatively stated that Appellant had "no objection" to five of the photographs, exhibits 11, 12,

13, 15, and 17 (which included photographs of drug paraphernalia and substances that tested positive as drugs through laboratory testing). The defense then objected to two of the photographs, exhibit 14 and 16. The defense objection to exhibits 14 and 16 was "it[] relates to my motion in limine[]" wherein defense counsel complained about the evidence from any field testing. The trial court overruled the objections because it found the evidence did not violate the motion in limine.

THE COURT: Leaving your objections to 14 and 16?

[Defense counsel]: Correct.

THE COURT: What's your objections to those two?

[Defense counsel]: For both, it[] relates to my motion in limine.

THE COURT: Can I see them?

[Defense counsel]: Yes. 14 is a bag of crystal-like substance that was not tested. As well as 16 is actually -- it looks like a test kit on a press. So my objection would be just, again, my standing objection to my motion in limine.

THE COURT: Okay. Those objections to 14 and 16, I don't find them to be in violation of your motion in limine. That was granted as to any field testing results, other than those confirmed by a lab. So I think the officer's already testified about his training and experience, that it possibly could be a controlled substance, referring to 14. And as for the -- I don't know what's in 16, if it is a field testing kit. They can talk about that they went through that process. They just can't share the results. So those objections are overruled.

Thereafter, when the State offered into evidence the actual substances that were seized from the trailer and that tested positive as controlled substances by the lab,

6

defense counsel stated that the defense had "no objection." The evidence was admitted and published to the jury. At no time before or after Appellant stated "no objection" to this evidence did she indicate that she did not intend to waive her complaint about the ruling on the motion to suppress. Additionally, there is no indication in the record that the trial court considered that Appellant's complaint had not been abandoned. *Compare id.* at 886 (The defendant in *Thomas* entered a non-negotiated plea of guilty and during the punishment phase made an announcement of "no objection" to drug evidence seized in her traffic stop after pursuing a pretrial motion to suppress the evidence which the trial court denied. The Court of Criminal Appeals concluded that "[t]he record as a whole in this case plainly demonstrates that neither the appellant nor the trial court regarded her 'no objection' statement as an abandonment of her claim that the trial court erred to deny her pretrial motion to suppress. At the conclusion of the punishment hearing, the trial judge went to some length to admonish the appellant of her right to appeal, even commenting that he presumed that his adverse ruling on her motion to suppress would constitute the 'princip[al]' issue on appeal, and remarking that he regarded that ruling as a 'close call' before setting her appellate bond. Neither the appellant nor the prosecutor took issue with these remarks."). If it remains ambiguous whether waiver was intended, we must resolve the ambiguity in favor of a finding of waiver. *Stairhime*, 463 S.W.3d at 906. After reviewing the entire record, we conclude the record here is ambiguous

at best, and it does not "plainly demonstrate" that waiver was not intended or understood. *See Thomas*, 408 S.W.3d at 885-86. Appellant's statement of "no objection" during the trial to the admission of the substances seized in connection with her arrest, as well as her statement of "no objection" to five of the seven photos taken during the seizure, combined with the fact that her only objection to the other two photos was based on the field testing objection she made in her motion in limine and not based on her motion to suppress, establish she waived and abandoned the complaint she made in her pretrial motion to suppress. *See Stairhime*, 463 S.W.3d at 906; *Thomas*, 408 S.W.3d at 885-86. We overrule Appellant's issue.

We affirm the trial court's judgments.

AFFIRMED.


                                                              LEANNE JOHNSON
                                                                   Justice


Submitted on June 27, 2025
Opinion Delivered July 9, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.